IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUSTI THOMPSON, Individually, On Behalf of the Estate of Scott Thompson, Deceased, and on Behalf of All Wrongful Death Beneficiaries, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:20-CV-2170-L** |
| WING ENTERPRISES, INC., d/b/a LITTLE GIANTS LADDERS, and HAROLD ARTHUR WING, | § § § § § | |
| Defendants. | § | |

## **ORDER**

On August 14, 2020, Plaintiff Dusti Thompson ("Plaintiff") filed this action and alleges that the court has jurisdiction based on diversity of citizenship. Specifically, Plaintiff alleges that the parties are citizens of different states and that the amount in controversy exceeds $75,000. Pl.'s Compl. ¶ 2.1. Upon review of the record in this action, the court has identified deficiencies in Plaintiff's Complaint (Doc. 1). The court enters this order *sua sponte* to address the jurisdictional deficiencies identified and determine whether it has subject matter jurisdiction over this action.

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference."

*Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)).  Failure to allege adequately the basis of diversity mandates remand or dismissal of the action.  *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

Plaintiff alleges the following jurisdictional facts:

> 1.1. Plaintiff Dusti Thompson is a resident of Dallas County, Texas.
>
> 1.2. Defendant Wing Enterprises, Inc. ("Wing") is a Utah corporation with its principal place of business in Springville, Utah. Wing does business as "Little Giant Ladders," which is an assumed name registered with the Utah Department of Commerce. Wing can be served through its registered agent for service or process, Art Wing, at 1198 N. Spring Creek Place, Springville, Utah 84663.
>
> 1.3. Defendant Harold Arthur Wing is an individual who may be served at 1198 N. Spring Creek Place, Springville, Utah 84663, or wherever else he may be found. This defendant is identified on documents filed with the Utah Department of Commerce as one of the registered principals of Little Giant Ladders. For purposes of this complaint, all references to "Wing" include this defendant.

Pl.'s Compl. ¶¶ 1.1-1.3.  These facts, however, are insufficient to support Plaintiff's allegation that the court has diversity of citizenship jurisdiction.

Plaintiff fails to adequately allege his citizenship and that of Defendant Harold Arthur Wing ("Mr. Wing").  A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely.  *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).  "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855).  "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted).  "Domicile requires residence in [a] state and an intent to remain in the state."  *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

Order – Page 2

Specifically, Plaintiff states that he is a resident of Texas but asserts no allegations that he has the intent to remain in Texas, as required to establish citizenship.  Similarly, Plaintiff merely states that Mr. Wing may be served in Utah and asserts no allegations regarding his domicile or intent to remain in Utah.[*]  Absent factual allegations regarding his or Mr. Wing's domicile or intent to remain in Texas and Utah, respectively, Plaintiff's allegations that he is a resident of Texas and that Mr. Wing may be served in Utah is insufficient to support a finding that they are also citizens of Texas and Utah.

For the reasons discussed above, Plaintiff fails to sufficiently plead diversity of citizenship jurisdiction and makes no assertions that federal question jurisdiction applies.  The court also determines that, based on the allegations in Plaintiff's Complaint, it does not have federal question jurisdiction.  The court, therefore, must presume that this suit lies outside of its limited jurisdiction, unless Plaintiff can cure the jurisdictional deficiencies noted in this order.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff shall, therefore, file an amended complaint addressing the pleading deficiencies identified in this order by **August 31, 2020.**  *If Plaintiff fails to do so, the court will sua sponte dismiss this action for lack of subject matter jurisdiction.*

**It is so ordered** this 17th day of August, 2020.

Sam A. Lindsay
United States District Judge

---

[*] It is unclear whether Plaintiff bring this action against Mr. Wing as an individual or solely in his capacity as a principal of Wing.  Plaintiff needs to clarify in which capacity he seeks relief against Mr. Wing and allege sufficient jurisdictional facts accordingly to establish complete diversity of citizenship.

Order – Page 3