IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUSTI THOMPSON, Individually and on | § | |
| On Behalf of the Estate of Scott | § | |
| Thompson, Deceased, and on behalf of | § | |
| All Wrongful Death Beneficiaries, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-cv-2170-L |
| | § | |
| WING ENTERPRISES, INC. d/b/a | § | |
| LITTLE GIANT LADDERS and | § | |
| HAROLD ARTHUR WING, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT WING ENTERPRISES, INC.'S
ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW Wing Enterprises, Inc. ("Wing Enterprises"), Defendant in the above-entitled and numbered action, and for its Original Answer to Plaintiff's First Amended Complaint (the "Complaint") would respectfully show unto the Court as follows:

**I. PARTIES AND SERVICE**
**ANSWER**

1.1     Wing Enterprises is without knowledge or information sufficient to enable it to admit or deny the material allegations in paragraph 1.1 of the Complaint.

1.2.    Wing Enterprises admits the material allegations in paragraph 1.2 of the Complaint.

1.3.    No answer is required to paragraph 1.3 of the Complaint, given that Plaintiff has dismissed all claims asserted against Harold Arthur Wing ("Arthur Wing").

## II. JURISDICTION AND VENUE

2.1     Wing Enterprises does not dispute that this Court has subject matter jurisdiction over this lawsuit, or that the parties are diverse in citizenship, but otherwise denies the material allegations of fact contained in paragraph 2.1 of the Complaint.

2.2     For answer to paragraph 2.2 of the Complaint, Wing Enterprises does not dispute the exercise of personal jurisdiction as to Wing Enterprises, and admits that it designed, distributed and sold a 22-foot multi-purpose ladder (Part Number 2322-801, Model Number 22) (the "Model Ladder"); that it had the ladder manufactured and assembled as part of that process; and that the ladder could be purchased for sale by citizens of the State of Texas. Wing Enterprises otherwise denies the allegations in paragraph 2.2 of the Complaint.

2.3     Wing Enterprises does not dispute that venue of this action is proper in this Court based on the allegations in the Complaint, but otherwise denies the material allegations of fact contained in paragraph 2.3 of the Complaint. Moreover, Wing Enterprises' position is that it does not need to answer the declarative point headings in the Complaint, but, out of an abundance of caution, denies all such declarations and directs Plaintiff to its specific answers to the allegations in actual paragraphs of the Complaint.

## III. FACTS

3.1     For answer to paragraph 3.1 of the Complaint, Wing Enterprises denies that it engages in an "aggressive" television and internet marketing campaign. Wing Enterprises admits the remaining material allegations of fact contained in paragraph 3.1 of the Complaint.

3.2.     For answer to paragraph 3.2 of the Complaint, Wing Enterprises admits that it markets its ladders to do-it-yourselfers and/or professionals, and that its website contains the

following background information about the history of the company and the development of the Little Giant Ladder System: "In the 1970s, Harold "Hal" Wing, met a German painter who had an interesting idea and a primitive prototype of a new kind of ladder. Hal enhanced the ladder and engineered what is now known as the strongest, safest, most versatile ladder in the world – the Little Giant Ladder System. This professional-grade, multi-use ladder system can be set up in 24 different positions and is probably the most famous ladder in the world. Hal performed demonstrations of the ladder nationwide at state fairs and trade shows, building and packaging orders out of his garage. Working side-by-side with his wife Brigitte and their seven children, Hal built Little Giant Ladder Systems® on a foundation of quality and innovation. Gradually, both the do-it-yourselfers and professionals began to understand the Little Giant Ladder System was the best ladder in the world." Wing Enterprises denies any other allegations of material allegations contained in paragraph 3.2 of the Complaint.

3.3     For answer to paragraph 3.3 of the Complaint. Wing Enterprises admits that a link to its website contains the quoted promotional statements.

3.4.     For answer to paragraph 3.4 of the Complaint, Wing Enterprises denies that it engages in any "touting," and does not admit that any representations mentioned constitute "express representations" as that calls for a conclusion of law, but does admit to the use of the promotional language quoted in this paragraph. Wing Enterprises otherwise denies any material allegations of fact contained in paragraph 3.4 of the Complaint.

3.5.     For answer to paragraph 3.5 of the Complaint, Wing Enterprises does not admit that any representations mentioned constitute "express" or "implied" representations as that calls for a conclusion of law, but does admit to the use of the promotional language quoted in this

paragraph. Wing Enterprises otherwise denies any material allegations of fact contained in paragraph 3.5 of the Complaint.

3.6    Wing Enterprises is without knowledge or information sufficient to enable it to admit or deny the material allegations in paragraph 3.6 of the Complaint.

3.7.    Wing Enterprises is without knowledge or information sufficient to enable it to admit or deny the material allegations in paragraph 3.7 of the Complaint.

3.8.    For answer to paragraph 3.8 of the Complaint, Wing Enterprises is without knowledge or information sufficient to enable it to admit or deny the material allegations as to the Thompsons being purchasers of the Model Ladder. Wing Enterprises denies the allegation that "users like the Thompsons had no way to know if the pins were inserted properly into the holes", and denies that the riding of the pins in sheet metal cylinders that are held in place by cast aluminum brackets makes it impossible for a user to know if a pending product failure is about to happen. Wing Enterprises otherwise admits the material allegations of fact contained in paragraph 3.8 of the Complaint.

3.1 [sic] For answer to the second paragraph 3.1 of the Complaint, Wing Enterprises admits that on March 23, 2017, the United States Consumer Product Safety Commission ("CPSC") issued a recall on approximately 37,000 Little Giant Ladders of a different model-type. The CPSC position was that the locking pins/rung fasteners on that ladder could fail, posing a fall hazard to consumers on that ladder. Wing Enterprises further admits that the CPSC issued a warning as to that other model-type ladder that "[c]onsumers should immediately stop using recalled ladders and contact Wing Enterprises for a free repair kit." Wing Enterprises otherwise denies each and every material allegations of fact contained in this second paragraph 3.1 of the Complaint.

3.2 [sic] For answer to the second paragraph 3.2 of the Complaint, Wing Enterprises admits that at one time in the past, certain of its multipurpose ladders were manufactured with two different types of Rock Locks: Type A and Type B. Wing Enterprises further admits that a primary difference between the two was that the Type A Rock Lock had a cast aluminum bracket that was attached to the central ladder segment, and the Type B Rock Lock did not have the cast aluminum bracket. Wing Enterprises otherwise denies each and every material allegations of fact contained in this second paragraph 3.2 of the Complaint.

3.3 [sic] For answer to the second paragraph 3.3 of the Complaint, Wing Enterprises denies that it was only the presence of Type A Rock Locks that "rendered" a ladder with that type of Rock Lock "safe," but does admit that the quoted language was used in connection with the ladder recall of the ladder with the Type B Rock Locks. Wing Enterprises otherwise denies each and every material allegations of fact contained in this second paragraph 3.3 of the Complaint.

3.4 [sic] Wing Enterprises denies each and every material allegations of fact contained in the second paragraph 3.4 of the Complaint.

3.5 [sic] Wing Enterprises denies each and every material allegations of fact contained in the second paragraph 3.5 of the Complaint.

3.6 [sic] Wing Enterprises denies each and every material allegations of fact contained in the second paragraph 3.6 of the Complaint.

3.7 [sic] Wing Enterprises denies each and every material allegations of fact contained in the second paragraph 3.7 of the Complaint.

3.8 [sic] Wing Enterprises denies each and every material allegations of fact contained in the second paragraph 3.8 of the Complaint.

3.9     Wing Enterprises denies each and every material allegations of fact contained in paragraph 3.9 of the Complaint.

3.10    For answer to paragraph 3.10 of the Complaint, Wing Enterprises is without knowledge or information sufficient to enable it to admit or deny whether or when the Thompsons purchased any ladder. However, Wing Enterprises denies that it failed to provide adequate warnings, instructions (and, thus, guidance) related to the Model Ladder, and, thus, while the allegations in this paragraph are mostly argumentative, and include many disjunctive claims, Wing Enterprises denies all other allegations of material fact contained in paragraph 3.10 of the Complaint.

3.11    For answer to paragraph 3.11 of the Complaint, Wing Enterprises is without knowledge or information sufficient to enable it to admit or deny whether or when the Thompsons had used any ladder(s). However, Wing denies all other allegations of material fact contained in paragraph 3.11 of the Complaint.

3.12    For answer to paragraph 3.12 of the Complaint, Wing Enterprises admits on information and belief that on December 29, 2019, Dusti and Scott Thompson were at the home located at 6929 Rocky Top Circle, Dallas, Texas 75252, and were there in regard to the removal of Christmas lights from the exterior of the home. Wing Enterprises is without knowledge or information sufficient to enable it to admit or deny the remaining allegations of material fact contained in paragraph 3.12 of the Complaint.

3.13    Wing Enterprises is without knowledge or information sufficient to enable it to admit or deny the allegations of material fact contained in paragraph 3.13 of the Complaint, although if Mr. Thompson was on the ladder that Plaintiff claims that he was on, it makes no sense that Mr. Thompson would not have expected the ladder to fail in some way.

3.14.   Wing Enterprises is without knowledge or information sufficient to enable it to admit or deny the allegations of material fact contained in paragraph 3.14 of the Complaint.

#### IV. CAUSES OF ACTION

4.1   For answer to paragraph 4.1 of the Complaint, Wing Enterprises admits on information and belief that Dusti Thompson is the surviving spouse of Scott Thompson. However, Wing Enterprises denies all other allegations of material fact contained in paragraph 4.1 of the Complaint.

4.2   For answer to paragraph 4.2 of the Complaint, Wing Enterprises admits that Plaintiff is making the claims that she includes in the Complaint, but denies the allegations of material fact contained in paragraph 4.2 of the Complaint as they relate to the merits of any of those claims.

5.1   For answer to paragraph 5.1 of the Complaint, Wing Enterprises admits on information and belief that Dusti Thompson is the surviving spouse of Scott Thompson. However, Wing Enterprises denies all other allegations of material fact contained in paragraph 5.1 of the Complaint.

5.2   For answer to paragraph 5.2 of the Complaint, Wing Enterprises admits that Plaintiff is making the claims that she includes in the Complaint, but denies the allegations of material fact contained in paragraph 5.2 of the Complaint as they relate to the merits of any of those claims.

6.1 For answer to paragraph 6.1 of the Complaint, Wing Enterprises incorporates by reference and reasserts its answers to all prior paragraphs of the Complaint.

6.2   Wing Enterprises denies the allegations of material fact contained in paragraph 6.2 of the Complaint.

6.3     Wing Enterprises denies the allegations of material fact contained in paragraph 6.3 of the Complaint, including all subparagraphs thereof.

6.4     Wing Enterprises denies the allegations of material fact contained in paragraph 6.4 of the Complaint.

6.5     Wing Enterprises denies the allegations of material fact contained in paragraph 6.5 of the Complaint, including all subparagraphs thereof.

6.6     Wing Enterprises denies the allegations of material fact contained in paragraph 6.6 of the Complaint.

6.7     Wing Enterprises denies the allegations of material fact contained in paragraph 6.7 of the Complaint.

6.8     Wing Enterprises denies the allegations of material fact contained in paragraph 6.8 of the Complaint.

7.1 For answer to paragraph 7.1 of the Complaint, Wing Enterprises incorporates by reference and reasserts its answers to all prior paragraphs of the Complaint.

7.2     For answer to paragraph 7.2 of the Complaint, Wing Enterprises asserts that no answer is required to the assertions of law relative to Defendants' duties. However, if there are any, Wing Enterprises otherwise denies any allegations of material fact contained in paragraph 7.2 of the Complaint.

7.3     Wing Enterprises denies the allegations of material fact contained in paragraph 7.3 of the Complaint, including all subparagraphs thereof.

7.4     Wing Enterprises denies the allegations of material fact contained in paragraph 7.4 of the Complaint.

8.1 For answer to paragraph 8.1 of the Complaint, Wing Enterprises incorporates by reference and reasserts its answers to all prior paragraphs of the Complaint.

8.2    Wing Enterprises denies the allegations of material fact contained in paragraph 8.2 of the Complaint.

8.3    Wing Enterprises denies the allegations of material fact contained in paragraph 8.3 of the Complaint, including all subparagraphs thereof.

9.1 For answer to paragraph 9.1 of the Complaint, Wing Enterprises incorporates by reference and reasserts its answers to all prior paragraphs of the Complaint.

9.2    For answer to paragraph 9.2 of the Complaint, Wing Enterprises is without knowledge or information sufficient to enable it to admit or deny whether or when the Thompsons purchased any ladder(s) and/or what, if anything, they relied on in any such purchases. Wing Enterprises admits that it represented to consumers that the Model Ladder was safe and stable as manufactured and designed and sold by Wing Enterprises, and if used as directed in a reasonably foreseeable manner and in accordance with product warnings and instructions. Wing denies any other other allegations of material fact contained in paragraph 9.2 of the Complaint.

9.3    Wing Enterprises denies the allegations of material fact contained in paragraph 9.3 of the Complaint.

9.4    For answer to paragraph 9.4 of the Complaint, Wing Enterprises incorporates by reference and reasserts its answers to all prior paragraphs of the Complaint.

9.5    Wing Enterprises is without knowledge or information sufficient to enable it to admit or deny the allegations of material fact contained in paragraph 9.5 of the Complaint.

9.6     Wing Enterprises denies the allegations of material fact contained in paragraph 9.6 of the Complaint.

9.7     Wing Enterprises denies the allegations of material fact contained in paragraph 9.7 of the Complaint.

10.1 For answer to paragraph 10.1 of the Complaint, Wing Enterprises incorporates by reference and reasserts its answers to all prior paragraphs of the Complaint.

10.2     Wing Enterprises denies the allegations of material fact contained in paragraph 10.2 of the Complaint.

10.3     For answer to paragraph 10.3 of the Complaint, Wing Enterprises is without knowledge or information sufficient to enable it to admit or deny whether or when the Thompsons purchased any ladder(s) and/or what, if anything, they relied on in any such purchases. This paragraph is not specific as to statements and promises allegedly made and/or descriptions allegedly given, that supposedly created express warranties to the Thompsons, but, given the foregoing and Wing's denial of any claims for relief being made by Plaintiff, Wing Enterprises denies the remaining allegations of material fact contained in paragraph 10.3 of the Complaint.

10.4     For answer to paragraph 10.4 of the Complaint, Wing Enterprises is without knowledge or information sufficient to enable it to admit or deny the purpose(s) for which the Thompsons purchased any ladder(s), but denies that Wing Enterprises had any reason to know that the Thompsons purchased the ladder in question and/or what their purpose was in buying it. Wing Enterprises denies the remaining allegations of material fact contained in paragraph 10.4 of the Complaint.

10.5    Wing Enterprises denies the allegations of material fact contained in paragraph 10.5 of the Complaint.

10.6 For answer to paragraph 10.6 of the Complaint, Wing Enterprises incorporates by reference and reasserts its answers to all prior paragraphs of the Complaint.

10.7    Wing Enterprises is without knowledge or information sufficient to enable it to admit or deny the allegations of material fact contained in paragraph 10.7 of the Complaint.

10.8    Wing Enterprises is without knowledge or information sufficient to enable it to admit or deny the allegations of material fact contained in paragraph 10.8 of the Complaint.

10.9    For answer to paragraph 10.9 of the Complaint, Wing Enterprises admits on information and belief that Dusti Thompson is the surviving spouse of Scott Thompson. However, Wing Enterprises is without knowledge or information sufficient to enable it to admit or deny the allegations of material fact contained in paragraph 10.9 of the Complaint.

10.10   For answer to paragraph 10.10 of the Complaint, Wing Enterprises admits that Plaintiff is making the claims that she includes in the Complaint, but denies the allegations of material fact contained in paragraph 10.10 of the Complaint as they relate to the merits of any of those claims.

11.1 For answer to paragraph 11.1 of the Complaint, Wing Enterprises incorporates by reference and reasserts its answers to all prior paragraphs of the Complaint.

11.2    Wing Enterprises denies the allegations of material fact contained in paragraph 11.2 of the Complaint, including all subparagraphs thereof.

11.3    Wing Enterprises denies the allegations of material fact contained in paragraph 11.3 of the Complaint.

11.4    Wing Enterprises denies the allegations of material fact contained in paragraph 11.4 of the Complaint.

11.5    Wing Enterprises denies the allegations of material fact contained in paragraph 11.5 of the Complaint.

12.1    No answer is required to paragraph 12.1 of the Complaint.

## V. Damages and Prayer for Relief

13.1 For answer to paragraph 13.1 of the Complaint, Wing Enterprises incorporates by reference and reasserts its answers to all prior paragraphs of the Complaint.

13.2 Wing Enterprises denies the allegations in paragraph 13.2 of the Complaint, including all subparagraphs, and to the extent not expressly admitted herein, Wing Enterprises denies each and every one of the allegations contained in the Complaint, and reasserts that that it denies that Plaintiff is entitled to any of the relief for which she prays.

## II.
## Affirmative Defenses

14.    Pleading further, Defendant affirmatively alleges that Scott Thompson's own negligence was the sole proximate cause or, alternatively, a proximate cause of the incident made the basis of this suit and Plaintiff's damages, if any.

15.    In the unlikely event Defendant is found at fault, the amount recovered for past medical or health care expenses incurred by Plaintiff and/or Plaintiff's decedent are limited by Section 41.0105 of the Texas Civil Practice and Remedies Code.

16.    Pleading further, Defendant affirmatively alleges the defense of misuse of the product as a proximate cause of all injuries and damages allegedly Plaintiff, if any.

17.    Pleading further, Defendant affirmatively pleads the defense of an intervening or new and independent cause of all injuries and damages alleged by Plaintiff.

18.     Defendant would further affirmatively invoke the limits of liability provided under Chapter 41 of the Texas Civil Practice & Remedies Code including, but not limited to, those limits set forth in §§ 41.001 through 41.013.  Specifically, the limit of liability should be in conformance with the amount set forth in § 41.008 of the Texas Civil Practice & Remedies Code.

19.     Defendant would further affirmatively invoke section 18.091 of the Texas Civil Practices and Remedies Code and requests that to the extent that Plaintiff seeks to recover loss of earnings and/or loss of earning capacity, that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability.

20.     This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code including, without limitation, the requirement of Section 33.003 that the trier of fact determine the relative responsibility of each claimant, defendant, settling person, and responsible third party.  Defendant hereby invokes Chapter 33 and submits that relative responsibility of each claimant (including Plaintiff's decedent), each defendant, each settling person, and each responsible third party must be assessed by the jury.

21.     Wing Enterprises asserts that the following counts of the Complaint fail to state a claim upon which relief can be granted: Count 3, Count 4, and Count 6.

22.     Wing Enterprises further asserts that Count 3 is barred by virtue of failure to comply with Section 17.505 of the Texas Deceptive Trade Practices Act and/or that this action is subject to abatement by virtue of such failure.

23.     Wing Enterprises further asserts that this action is subject to dismissal by virtue of failure to join an indispensable party.

24. Wing Enterprises further pleads that it is entitled to the benefit of all defenses and presumptions which may arise because the design, manufacture, inspection, packaging, and issuance of warnings and instructions and/or labeling of the product at issue were in conformity and compliance with the generally-recognized, reasonably-available state-of-the-art and prevailing standards in the industry at the time the product at issue was manufactured and marketed, and/or with mandatory safety standards or regulations adopted and promulgated by the federal government, or an agency of the federal government that were applicable to the product at the time of manufacture and that governed the product risk that allegedly caused harm.

### III.
### JURY DEMAND

25.     Wing Enterprises hereby demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by this action and that Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,


By:____/s/  *Arthur K. Smith*_____
        Arthur K. Smith
        Texas State Bar No.  18534100


        LAW OFFICES OF ARTHUR K. SMITH,
        a Professional Corporation
        507 Prestige Circle
        Allen, Texas  75002
        Telephone:  (469) 519-2500
        Facsimile:  (469) 519-2555
        asmith@aksmithlaw.com

ATTORNEYS FOR DEFENDANT
WING ENTERPRISES, INC.

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that the foregoing document was filed via the Court's electronic filing system to all parties of record on this 15th day of October, 2020.


/s/  *Arthur K. Smith*
Arthur K. Smith