IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUSTI THOMPSON, Individually, On Behalf of the Estate of Scott Thompson, Deceased, and on behalf of All Wrongful Death Beneficiaries | § § § § § | |
| Plaintiff | § § | CIVIL ACTION NO. 3:20-CV-2170-L |
| vs. | § § | |
| WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDERS, and HAROLD ARTHUR WING Defendants | § § § § | |

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff, Dusti Thompson, files this Motion to Compel, requesting that the Court order Defendant to fully respond to certain discovery requests contained in Plaintiff's First and Second Requests for Production. In support thereof, Plaintiff would respectfully show the Court as follows:

### I. Brief Introduction:

This lawsuit arises from the wrongful death of Scott Thompson that resulted when the top segment of the extension ladder suddenly separated from the remaining three (3) segments. In reliance upon statements made by Little Giant in TV ads and on its website as to the safety and versatility of its ladders, Scott and Dusti Thompson purchased a 22-foot multi-purpose ladder in November 2017. On December 29, 2019, Scott and Dusti were working in Dallas, Texas removing Christmas lights for one of their customers. Scott was standing on his Little Giant Ladder in the extended position. The ladder failed and Scott fell face-first into the concrete, dying at a local hospital days later.

## II. The Discovery at Issue:

On November 17, 2020, Plaintiff served its First Request for Production. Plaintiff later served her Second Request for Production on December 9, 2021. Defendant's Responses and Objections to Plaintiff's First Request for Production were served on January 11, 2021, and Defendant's Responses and Objections to Plaintiff's Second Request for Production were served on February 7, 2022. (App. 0004 - 0092).

Defendant sent two emails to Plaintiff, on November 11 & 16, 2022, and stated that they constituted a complete supplement to all pending requests. (App. 0093 - 0099). The November 11 & 16, 2022 links contain roughly 14,000 random pages without specifying which documents are responsive to any particular request(s). *Id.*

Plaintiff has attempted to condense its issues with Defendant's insufficient discovery responses into three broad categories: (1) Defendant's 14,000 page supplement does not specify which documents are responsive to any particular request; (2) objections and limitations were asserted that are no longer appropriate (i.e. relying on the now-overruled Magistrate recommendation); and (3) Defendant's failure to confirm that any of its responses are fully completed, if any in fact are.

## III. Arguments and Authorities:

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) states that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Federal Rule of Civil Procedure 34 specifically describes that a party responding to a request for the production of documents has the responsibility to provide meaningful responses to the requests for production,

and that party has the responsibility to review voluminous documents to identify those that are responsive to specific requests. *Orchestrate HR, Inc.*, 178 F. Supp. 3d 476, 510 (N.D. Tex. 2016)(citing Fed. R. Civ. P. 34). For purposes of Federal Rule of Civil Procedure 37(a), an evasive or incomplete response must be treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4).

1. **Specificity Required as to Which Supplemented Documents are Responsive to Particular Requests**

Plaintiff seeks to compel supplemental responses specifying which request(s) the 14,000 pages of documents Defendant provided are responsive to. "[D]ocuments should be organized and categorized in a manner that would make the material responsive to Requests for Production to include Bates Stamps to sufficiently identify which document(s) are responsive to which request(s)." *Ross v. Dejarnetti*, No. CV 18-11277, 2020 WL 12846846, at *3 (E.D. La. May 27, 2020). *See e.g. Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d at 510 (Where the court requires, by Order, that the Defendants fully respond by producing all responsive documents and list specific bates ranges to each specific request). Federal Rule of Civil Procedure 34 states that a party responding to a request for the production of documents has the responsibility to provide meaningful responses to the requests for production, and that party has the responsibility to review voluminous documents to identify those that are responsive to specific requests. *Orchestrate HR, Inc.*, 178 F. Supp. 3d 510 (citing Fed. R. Civ. P. 34).

On November 11, 2022, Defendant provided a link with 13,601 pages of documents without identifying which discovery requests any of the documents were responsive to. (App. 0093 - 0095). Shortly thereafter, Defendant sent another link, with an additional 300 pages of 'responsive documents' to Plaintiff. (App. 0096 - 0099). However, Plaintiff never received any supplemented discovery responses indicating what specific requests that they are responsive to (App. 0093 - 0099). Accordingly, Plaintiff seeks to compel full and complete supplemental

responses from Defendant matching the appropriate bates-numbered documents to the responses of each discovery request, and continue to do so going forward.

**2. Where Objections are Stated Without Any Response, The Responses Require Supplementation.**

Many of Defendant's responses contain "boilerplate or unsupported objections – even when asserted in response to a specific discovery request and not as part of a general list of generic objections preceding any responses to specific discovery requests – that are… improper and ineffective and may rise (or fall) to the level of what the Fifth Circuit has described as 'an all-too-common example of the sort of 'Rambo tactics' that have brought disrepute upon attorneys and the legal system.'" *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 581 (N.D. Tex. 2018).

Here, Defendant lodged objections, but provided no response to the following:

- Plaintiff's First Request for Production, Nos. 1-5, 7-9, 46-47, and 87-88; and
- Plaintiff's Second Set of Requests for Production, Nos. 14 and 56.

(App. 0008-0014; App. 0036-0037, App. 0053-0055; App. 0065-0066; App. 0086). Defendant has also refused to produce documents without a negotiated agreement to limit the scope of discovery or "narrow" the given request for the following:

- Plaintiff's First Request for Production, Nos. 14, 39, 40, 42, and 45.

(App. 0017-0018; App. 0032-0036). The above referenced objections, without response, constitute the 'Rambo tactics' this court has seeks to eliminate from the legal system. Further, Defendant's requests to narrow and limit the scope of discovery were mooted by the Court during its November 14, 2022 hearing.[1] Therefore, Plaintiff seeks to compel responses to the listed requests and supplemental responses, identifying by bates-number, which request they are responsive to.

---

[1] Plaintiff requested a copy of the transcript and has not received a response. Plaintiff requests that the Court take judicial notice of the substantive content of the November 14, 2022 hearing.

In addition to the request for limiting the scope of discovery, Defendant's responses to the following expressly limited the response per the Magistrate's recommendation that no longer exists by providing no documents whatsoever:

- Plaintiff's Second Set of Requests for Production, Nos. 10-11, 13, 21, 23, 47, 55, 57-60, 63, 66-67, and 72-73.

(App. 0064-0065; App. 0069-0070; App. 0083; App. 0086-0092). However, Defendant was required, per the Court's August 15, 2022 Order, to produce documents that were previously limited by the Magistrate's Recommendation. (Dkt. 44). Defendant has still not provided any of the above-referenced documents. Consequently, Plaintiff seeks to compel responses to these preceding requests, identifying by bates-number the responsive documents that are responsive.

### 3. Confirmation of Fully Completed Responses are Required

When a motion to compel addresses a number of matters, a good faith effort to confer typically requires that the parties discuss each matter in good faith to comply with conference requirements. Fed. R. Civ. P. 37(a). This good faith effort was attempted on multiple occasions via email, and formally followed up via a meet-and-confer letter addressing various discovery issues on November 30, 2022.[2] Counsel for Defendant has absolutely and completely ignored Plaintiff's counsel's efforts to confer. Given Defendant's bad faith refusal to engage in a legitimate discovery dispute meet-and-confer, Plaintiff is forced to seek this Court's intervention to compel confirmation of fully completed responses to the following:

In response to Plaintiff's First Set of Requests for Production, Defendant referenced a "Tab" with a blank designation making it impossible to determine what documents are supposedly responsive:

---

[2] See emails and letter from Plaintiff's counsel to Defendant's counsel.

- Plaintiff's First Request for Production, Nos. 11-13, 15-16, 18-19, 21-28, 30, 32-34, 36-37, 41, 43-44, 49-60, 64-65, 69-83, and 86.

(App. 0014-0031; App. 0033-0035; App. 0038-0051; App. 0053). Plaintiff requests that this issue be remedied and that any responsive documents be identified by precise bates-numbers.

Further, in response to Plaintiff's Second Set of Requests for Production, Defendant referred to bates numbers in its response (or indicated no documents) but limited the scope of the response based on the now-overturned Magistrate's Recommendation:

- Plaintiff's Second Set of Requests for Production, Nos. 3-9, 12, 15-18, 20, 22, 24-32, 34, 37-46, 48-54, 61-62, 64-65, 68-71, and 74.

(App. 0060-0092). At present, it is impossible for Plaintiff to determine whether these responses were complete at the time of the original response, whether they have been supplemented, or whether they need to be supplemented. Even more, it is Defendant's responsibility to organize and categorize documents "in a manner that would make the material responsive to Requests for Production [and] include Bates Stamps to sufficiently identify which document(s) are responsive to which request(s)." *Ross*, supra. As such, Plaintiff requests an Order compeling supplemental responses that clarify the state of the response and what the responsive documents are by precise bates numbers.

Moreover, Defendant stated that it would supplement the following responses:

- Plaintiff's First Request for Production, Nos. 15, 35, and 85; and
- Plaintiff's Second Set of Requests for Production, Nos. 35-36.

(App. 0018-0019; App. 0029; App. 0052-0053; App. 0079). Defendant also stated that no documents were responsive and/or that Defendant was unable to locate responsive documents for the following, but Defendant claimed that a narrowed scope of discovery needed to be negotiated or that the Magistrate's Recommendation limited the scope of relevant and responsive discovery had narrowed the scope of discovery:

- Plaintiff's First Request for Production, Nos. 17, 21, 35, 38, 61-63, 66-68, 84, and 88; and
- Plaintiff's Second Set of Requests for Production, No. 19.

(App. 0019-0020; App. 0023; App. 0029; App. 0031-0032; App. 0043-0045; App. 0051-0052; App. 0054-0055; App. 0068). The Court's recent ruling on the scope of discovery moot whatever concerns were expressed in these objections. As such, Plaintiff seeks supplemental responses that remove moot objections and clarify the state of the response and what documents are responsive.

Further, given that Defendant later produced almost 14,000 documents, discovery is ongoing, and Defendant's counsel has reiterated that a search for documents is continuing, Plaintiff seeks to compel confirmation that there are no responsive documents to any of the preceding requests. Or, in the alternative, Plaintiff seeks supplemented responses that reflect any newly discovered responsive documents.

## IV. Conclusion:

This Motion seeks basic information that is required by the Federal Rules of Civil Procedure. All of this information and requests for specification are properly discoverable and necessary. Plaintiff has attempted to work with Defendant for weeks in an effort to resolve these disputes without court intervention, but to no avail. Plaintiff's counsel made multiple attempts to work cooperatively with Defendant's counsel, but Defendant's counsel has cut off all communications. There is simply no basis allowing a party to produce 14,000 documents without any guidance as to which requests and/or sets of discovery these documents are responsive to. Accordingly, Plaintiff requests that this Court Order Defendant to fully respond to the above-referenced discovery requests contained in Plaintiff's First and Second Requests for Production within 10 days and any additional relief to which Plaintiff is justly entitled.

Respectfully submitted,

_____
Ross Cunningham
State Bar No. 24007062
Steven D. Sanfelippo
State Bar No. 24027827
CUNNINGHAM SWAIM, LLP
4015 Main Street, Suite 200
Dallas, Texas 75226
Telephone:	(214) 646-1495
Facsimile:	(214) 613-1163
rcunningham@cunninghamswaim.com
ssanfelippo@cunninghamswaim.com

***Attorneys for Plaintiff***

## CERTIFICATE OF CONFERENCE

On multiple occasions, counsel for Plaintiff (Ross Cunningham) attempted to confer with counsel for Defendant (Jeffrey G. House). However, Defendant's counsel has ignored all attempts at conferencing with plaintiff's counsel. Accordingly, this matter is presented to the Court for ruling.

_____
Ross Cunningham

## CERTIFICATE OF SERVICE

This is to certify that on the 29th day of December, 2022, the foregoing was filed with the Court's electronic filing/ECF system, which caused a Notice of Electronic Filing to be sent to all counsel of record.

*/s/ Ross Cunningham*
Ross Cunningham