## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DUSTI THOMPSON, Individually, | § | |
| On Behalf of the Estate of Scott | § | |
| Thompson, Deceased, and on behalf of | § | |
| All Wrongful Death Beneficiaries | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **CIVIL ACTION NO. 3:20-cv-2170-L** |
| vs. | § | |
| | § | |
| WING ENTERPRISES, INC., d/b/a | § | |
| LITTLE GIANT LADDERS, and | § | |
| HAROLD ARTHUR WING | § | |
| | § | |
| **Defendants** | § | **JURY DEMANDED** |

## PLAINTIFF'S APPENDIX IN SUPPORT OF MOTION TO COMPEL

Plaintiff Dusti Thompson, Individually, on behalf of the Estate of Scott Thompson, Deceased, and on behalf of All Wrongful Death Beneficiaries files this Appendix in Support of Motion to Compel, pursuant to Local Rule 56.6.

| Exhibit | Description | Appendix Citation |
|---|---|---|
| A | Declaration of M. Ross Cunningham (Exhibits Thereto Listed Separately) | APP. 0001 – 0003 |
| A-1 | Defendant's Responses and Objections to Plaintiff's First Request for Production dated 1.11.21 | APP. 0004 – 0056 |
| A-2 | Defendant's Responses and Objections to Plaintiff's Second Request for Production dated 2.7.22 | APP. 0057 – 0092 |
| A-3 | November 11, 2022 E-mail from Defendant's Counsel, Jeff House | APP. 0093 – 0095 |
| A-4 | November 16, 2022 E-mail from Defendant's Counsel, Jeff House | APP. 0096 – 0099 |
| A-5 | November 23, 2022 E-mail to Defendant's Counsel, Jeff House | APP. 0100 – 0101 |
| A-6 | November 27, 2022 E-mail chain with Defendant's Counsel, Jeff House | APP. 0102 – 0110 |
| A-7 | November 30, 2022 E-mail to Defendant's Counsel, Jeff House, forwarding Plaintiff's meet and confer letter | APP. 0111 – 0116 |

Dated:  December 29, 2022.

Respectfully submitted,

*/s/ Ross Cunningham*
Ross Cunningham
State Bar No. 24007062
Joseph R. Alexander, Jr.
State Bar No. 00995150
Steven D. Sanfelippo
State Bar No. 24027827
CUNNINGHAM SWAIM, LLP
4015 Main Street, Suite 200
Dallas, Texas 75226
Telephone:    (214) 646-1495
Facsimile:    (214) 613-1163
rcunningham@cunninghamswaim.com
joe@cunninghamswaim.com
ssanfelippo@cunninghamswaim.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on all counsel of record via email on this 29th day of December, 2022.

*/s/ Ross Cunningham*
Ross Cunningham

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DUSTI THOMPSON, Individually,** | § | |
| **On Behalf of the Estate of Scott** | § | |
| **Thompson, Deceased, and on behalf of** | § | |
| **All Wrongful Death Beneficiaries** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **CIVIL ACTION NO. 3:20-cv-2170-L** |
| **vs.** | § | |
| | § | |
| **WING ENTERPRISES, INC., d/b/a** | § | |
| **LITTLE GIANT LADDERS, and** | § | |
| **HAROLD ARTHUR WING** | § | |
| | § | |
| **Defendants** | § | **JURY DEMANDED** |

## DECLARATION OF M. ROSS CUNNINGHAM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

I, M. Ross Cunningham, hereby declare as follows:

1.      I am an attorney licensed and authorized to practice in the State of Texas. I am a member of the law firm of Cunningham Swaim, LLP, counsel of record for Plaintiff in the above-captioned matter. I make this Declaration in Support of Plaintiff's Motion to Compel. This Declaration is based on my own personal knowledge, and if called upon to testify, I could and would testify competently thereto.

1.      Attached hereto as Exhibit 1 is a true and correct copy of Defendant's Responses and Objections to Plaintiff's First Request for Production dated 1.11.21.

2.      Attached hereto as Exhibit 2 is a true and correct copy of Defendant's Responses and Objections to Plaintiff's Second Request for Production dated 2.7.22.

3.      Attached hereto as Exhibit 3 is a true and correct copy of a November 11, 2022 E-mail from Defendant's Counsel, Jeff House.

**APP. 0002**

4.      Attached hereto as Exhibit 4 is a true and correct copy of a November 16, 2022

E-mail from Defendant's Counsel, Jeff House.

5.      Attached hereto as Exhibit 5 is a true and correct copy of a November 23, 2022

E-mail to Defendant's Counsel, Jeff House.

6.      Attached hereto as Exhibit 6 is a true and correct copy of a November 27, 2022

E-mail chain with Defendant's Counsel, Jeff House.

7.      Attached hereto as Exhibit 7 is a true and correct copy of a November 30, 2022

E-mail to Defendant's Counsel, Jeff House, forwarding Plaintiff's meet and confer letter.

I declare under the penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

Executed this 29th day of December, 2022.

M. Ross Cunningham

# EXHIBIT "1"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUSTI THOMPSON, Individually, | § | |
| On Behalf of the Estate of Scott | § | |
| Thompson, Deceased, and on behalf of | § | |
| All Wrongful Death Beneficiaries, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:20-cv-2170-L |
| | § | |
| WING ENTERPRISES, INC., d/b/a | § | |
| LITTLE GIANT LADDERS, | § | |
| | § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

## DEFENDANT WING ENTERPRISES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

TO:    Plaintiff, Dusti Thompson, by and through her attorney of record, Ross Cunningham, Cunningham & Swaim, LLP, 4015 Main Street, Suite 200, Dallas, Texas 75226.

COMES NOW Wing Enterprises, Inc. ("Wing Enterprises"), Defendant in the above-entitled and numbered action, and submits the following responses and objections to the below-enumerated instructions, definitions and Requests contained in Plaintiff's First Request for Production:

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

### Objection to the Definitions of "Document":

Plaintiff has provided a definition of "documents" that differs from the definition of "document" set forth in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.  It is an impermissible attempt to alter the definition of "document" as set forth in Rule 34a(1)(A) of the Federal Rules of Civil Procedure.  As such, Defendant objects to Plaintiff's requests for production

**APP. 0005**

in their entirety on the grounds that they exceed the permissible scope of discovery, and Defendant will instead construe the term "document" as defined by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

Plaintiff has also provided a definition of what documents are covered by the request – specifically, stating that "any request for documents is intended to cover all documents that are in your possession or that are subject to your direct or indirect custody or control" - that differs from the requirement set forth in Rule 34 (a)(1) of the Federal Rules of Civil Procedure that a party may only request documents within a "responding party's possession, custody, or control." As such, Defendant objects to Plaintiff's requests for production in their entirety on the grounds that they exceed the permissible scope of discovery, and Defendant will instead construe the requests as only requesting documents within Defendant's possession, custody or control as limited by Rule 34(a)(1).

Plaintiff has also provided a definition of "possession or custody" that differs from the definition of these terms as recognized by courts in the Northern District of Texas. It is an impermissible attempt to alter the meaning of "possession, custody or control" as recognized by the courts in the Northern District of Texas as including documents in Defendant's actual possession or control and those documents a Defendant has the legal right or practical ability to obtain from a non-party to the action, with the burden on the party seeking discovery to make a showing that Defendant has control over the documents sought. *See, e.g.*, *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 230-31 (N.D. Tex. 2016). As such, Defendant objects to Plaintiff's requests for production in their entirety on the grounds that they exceed the permissible scope of discovery, and Defendant will instead construe the requests as only requesting documents within Defendant's

possession, custody or control as those terms are defined by courts in the Northern District of Texas.

**Objection to the Form of Production of Electronic Discovery:**

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(D), Wing Enterprises objects to the Plaintiff's requested form of production of electronically stored information.

First, Wing Enterprises objects to producing electronically stored information in its native electronic format and the production of metadata  Production of ESI in this format, and the production of metadata, is unduly burdensome and imposes undue expense on Defendant; the native electronic format is not the manner in which all of the documents are stored in the regular course of business; and the metadata is not relevant to any party's claim or defense and is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to reducing electronically stored information to a paper copy or .tif format, or having to create load files, as these forms of production are unduly burdensome and impose undue expenses on defendant and the documents are not stored in paper format or .tif file format in the regular course of business.

Defendant further objects to permitting inspection of any medium or application that is not publicly available or is proprietary to Defendant as this form of production is unduly burdensome and imposes undue expenses on Defendant and inspection of the medium is not relevant to any party's claim or defense and is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant will agree to produce electronically stored information in electronic .pdf files that are OCR searchable. If and only if files cannot be reasonably usable when converted to .pdf, then such electronically stored information will be produced in its native format (such as an Excel file) without metadata or in paper form.

**Objection to the Procedure for Withholding Privileged Information or Trial-Preparation Materials:**

Plaintiff imposes an obligation on Defendant regarding the procedure for the withholding of information otherwise discoverable that is privileged or subject to protection as trial-preparation material that is different from the procedure prescribed by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. As such, Defendant objects to Plaintiff's requests for production in their entirety on the grounds that they exceed the permissible scope of discovery, and Defendant will instead comply with the procedure prescribed in Rule 26(b)(5)(A) for withheld documents.

**RESPONSES/OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** All documents, video, photographs or other tangible things that You intend to rely on to show or allege that Scott Thompson was negligent, as alleged in Paragraph 14 of Defendant's Amended Answer to Plaintiff's First Amended Complaint.

**RESPONSE:** Wing Enterprises objects to this Request because in asking Wing what documents it intends to "rely on" to prove decedent's negligence, it :

(1) fails to identify documents with the particularity and specificity required by Rule 34 of the Federal Rules of Civil Procedure;

(2) forces Wing Enterprises to form and reveal mental impressions and conclusions concerning trial strategy and evidence that are protected from discovery under the work product doctrine, as codified by Rule 26 of the Federal Rules of Civil Procedure;

(3) amounts to a "contention" request for production, when the work product doctrine has only been abrogated by the Federal Rules to allow for very narrowly tailored contention interrogatories, and those rules have not cut into the protections of the doctrine as they apply to requests for production; and

(4) makes the request overbroad and improperly attempts to require Wing to marshal evidence for trial on specific defenses.

**REQUEST FOR PRODUCTION NO. 2:**    All documents, videos, photographs or other tangible things that You intend to rely on to show or allege that Scott Thompson misused the product, as alleged in Paragraph 16 of Defendant's Amended Answer to Plaintiff's First Amended Complaint.

**RESPONSE:**    Wing Enterprises objects to this Request because in asking Wing what photographs or other things that it  intends to "rely on" to prove decedent's misuse of the Product, it:

(1) fails to identify documents with the particularity and specificity required by Rule 34 of the Federal Rules of Civil Procedure;

(2) forces Wing Enterprises to form and reveal mental impressions and conclusions concerning trial strategy and evidence that are protected from discovery under the work product doctrine, as codified by Rule 26 of the Federal Rules of Civil Procedure;

(3) amounts to a "contention" request for production, when the work product doctrine has only been abrogated by the Federal Rules to allow for very narrowly tailored contention interrogatories, and those rules have not cut into the protections of the doctrine as they apply to requests for production; and

(4) makes the request overbroad and improperly attempts to require Wing Enterprises to marshal evidence for trial on specific defenses.

**REQUEST FOR PRODUCTION NO. 3:**  All documents, videos, photographs or other tangible things that You intend to rely on to show or allege that the Little Giant Ladder was substantially changed or altered, as alleged in Paragraph 16 of Defendant's Amended Answer to Plaintiff's First Amended Complaint.

**RESPONSE:**   Wing Enterprises objects to this Request because in asking Wing Enterprises what documents, videos, photographs or other tangible things that it intends to rely on to show or allege that the Ladder was substantially changed or altered, it:

(1) fails to identify documents with the particularity and specificity required by Rule 34 of the Federal Rules of Civil Procedure;

(2) forces Wing Enterprises to form and reveal mental impressions and conclusions concerning trial strategy and evidence that are protected from discovery under the work product doctrine, as codified by Rule 26 of the Federal Rules of Civil Procedure;

(3) amounts to a "contention" request for production, when the work product doctrine has only been abrogated by the Federal Rules to allow for very narrowly tailored contention interrogatories, and those rules have not cut into the protections of the doctrine as they apply to requests for production, and

(4) makes the request overbroad and improperly attempts to require Wing Enterprises to marshal evidence for trial on specific defenses.

**REQUEST FOR PRODUCTION NO. 4:**   All documents, videos, photographs or other tangible things that You intend to rely on to show or allege that there was an intervening or now and independent cause of the injuries and death of Scott Thompson, as alleged in Paragraph 17 of Defendant's Amended Answer to Plaintiff's First Amended Complaint.

**RESPONSE:**   Wing Enterprises objects to this Request because in asking Wing Enterprises what documents, videos, photographs or other tangible things that it intends to rely on to show or

**DEFENDANT WING ENTERPRISES, INC.'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**                                    **Page 6**

**APP. 0010**

allege that there was an intervening or now and independent cause of the injuries and death of Scott Thompson, it:

(1) fails to identify documents with the particularity and specificity required by Rule 34 of the Federal Rules of Civil Procedure;

(2) forces Wing Enterprises to form and reveal mental impressions and conclusions concerning trial strategy and evidence that are protected from discovery under the work product doctrine, as codified by Rule 26 of the Federal Rules of Civil Procedure;

(3) amounts to a "contention" request for production", when the work product doctrine has only been abrogated by the Federal Rules to allow for very narrowly tailored contention interrogatories, and those rules have not cut into the protections of the doctrine as they apply to requests for production; and

(4) makes the request overbroad and improperly attempts to require Wing Enterprises to marshal evidence for trial on specific defenses.

**REQUEST FOR PRODUCTION NO. 5:** All documents, videos, photographs or other tangible things that You intend to rely on to show or allege that there is an indispensable party that has not been joined, as alleged in Paragraph 23 of Defendant's Amended Answer to Plaintiff's First Amended Complaint.

**RESPONSE:** Wing Enterprises objects to this Request because in asking Wing Enterprises what documents, videos, photographs or other tangible things that it intends to rely on to show or allege that there is an indispensable party that has not been joined, it:

(1) fails to identify documents with the particularity and specificity required by Rule 34 of the Federal Rules of Civil Procedure;

(2) forces Wing Enterprises to form and reveal mental impressions, conclusions and work product concerning a legal position that are protected from discovery under the work product doctrine, as codified by Rule 26 of the Federal Rules of Civil Procedure;

(3) amounts to a "contention" request for production", when the work product doctrine has only been abrogated by the Federal Rules to allow for very narrowly tailored contention interrogatories, and those rules have not cut into the protections of the doctrine as they apply to requests for production; and

(4) makes the request overbroad and improperly attempts to require Wing Enterprises to marshal evidence for trial on specific defenses.

**REQUEST FOR PRODUCTION NO. 6:**   All documents or tangible things that identify the generally-recognized, reasonably-available state-of-the-art and prevailing standards in the industry at the time the Little Giant Ladder was manufactured and marketed, and/or with mandatory safety standards or regulations adopted and promulgated by the federal government, or an agency of the federal government that were applicable to the product at the time of manufacture and that governed the product risk that allegedly caused harm as alleged in Paragraph 23 of Defendant's Amended Answer to Plaintiff's First Amended Complaint.

**RESPONSE:**   See ANSI 14.2 and OSHA §1910.23.  The ANSI standards are copyrighted and may be purchased through ANSI and/or the American Ladder Institute.  The OSHA standards are available at https://www.osha.gov/laws-regs/regulations/standardnumber/1910/1910.23.

**REQUEST FOR PRODUCTION NO. 7:**   All documents, videos, photographs or other tangible things that You intend to rely on to show or allege that the ladder had been badly abused prior to the date of the incident as alleged by You in the Joint Status Report.

**RESPONSE:**   Wing Enterprises objects to this Request because in asking Wing Enterprises what documents, videos, photographs or other tangible things that it intends to rely on to show or allege that the ladder had been badly abused prior to the date of the incident, it:

(1) fails to identify documents with the particularity and specificity required by Rule 34 of the Federal Rules of Civil Procedure;

(2) forces Wing Enterprises to form and reveal mental impressions and conclusions concerning trial strategy and evidence that are protected from discovery under the work product doctrine, as codified by Rule 26 of the Federal Rules of Civil Procedure;

(3) amounts to a "contention" request for production", when the work product doctrine has only been abrogated by the Federal Rules to allow for very narrowly tailored contention interrogatories, and those rules have not cut into the protections of the doctrine as they apply to requests for production; and

(4) makes the request overbroad and improperly attempts to require Wing Enterprises to marshal evidence for trial on specific defenses.

**REQUEST FOR PRODUCTION NO. 8:** All documents, videos, photographs or other tangible things that You intend to rely on to show or allege the Little Giant Ladder was in a condition unsafe for use at the time of the Incident as alleged by You in the Joint Status Report.

**RESPONSE:** Wing Enterprises objects to this Request because in asking Wing Enterprises what documents, videos, photographs or other tangible things that it intends to rely on to show or allege that the Little Giant Ladder was in a condition unsafe for use at the time of the Incident, it:

(1) fails to identify documents with the particularity and specificity required by Rule 34 of the Federal Rules of Civil Procedure;

(2) forces Wing Enterprises to form and reveal mental impressions and conclusions concerning trial strategy and evidence that are protected from discovery under the work product doctrine, as codified by Rule 26 of the Federal Rules of Civil Procedure;

(3) amounts to a "contention" request for production", when the work product doctrine has only been abrogated by the Federal Rules to allow for very narrowly tailored contention interrogatories, and those rules have not cut into the protections of the doctrine as they apply to requests for production; and

(4) makes the request overbroad and improperly attempts to require Wing Enterprises to marshal evidence for trial on specific defenses.

**REQUEST FOR PRODUCTION NO. 9:** All documents, videos, photographs or other tangible things that You intend to rely on to show or allege that the Little Giant Ladder had been

used with a lack of care/misuse in connection therewith as alleged by You in the Joint Status Report.

**RESPONSE:**    Wing Enterprises objects to this Request because in asking Wing what documents, videos, photographs or other tangible things that it intends to rely on to show or allege that the Little Giant Ladder had been used with a lack of care/misuse in connection with the Incident, it:

(1) fails to identify documents with the particularity and specificity required by Rule 34 of the Federal Rules of Civil Procedure;

(2) forces Wing Enterprises to form and reveal mental impressions and conclusions concerning trial strategy and evidence that are protected from discovery under the work product doctrine, as codified by Rule 26 of the Federal Rules of Civil Procedure;

(3) amounts to a "contention" request for production", when the work product doctrine has only been abrogated by the Federal Rules to allow for very narrowly tailored contention interrogatories, and those rules have not cut into the protections of the doctrine as they apply to requests for production; and

(4) makes the request overbroad and improperly attempts to require Wing Enterprises to marshal evidence for trial on specific defenses.

**REQUEST FOR PRODUCTION NO. 10:** A complete copy, including all addendums, of insurance policies, including self-insured retentions, primary, excess, quota-share or cooperative, that will or may provide coverage for any aspect of this accident, loss, lawsuit, damages, or claims.

**RESPONSE:**    Wing Enterprises has already produced declarations pages from all applicable policies and provided all information applicable to coverage limits and deductible/self-insured retention amounts and terms.

**REQUEST FOR PRODUCTION NO. 11:** All testing, engineering drawings, shop travelers, assembly records, and other manufacturing-related data for the Little Giant Ladder.

**APP. 0014**

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad. Moreover, insofar as this Request seeks production of "shop travelers," Wing Enterprises objects to it because it is lacks a certain, ascertainable meaning, and fails to identify requested documents with the specificity required by Rule 34 of the Federal Rules of Civil Procedure. Insofar as the Request seeks production of "testing," Wing Enterprises further objects because the Request fails to seek designated and existing documents as required by Rule 34 of the Federal Rules of Civil Procedure, but instead seeks production of the act of testing.

Subject to and without waiver of the foregoing objections, however, Wing Enterprises responds as follows insofar as this Request seeks production of engineering drawings, assembly records and manufacturing data applicable to the model ladder with the same date code as the particular ladder at issue in this lawsuit:

See documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 12:** All documents relating to any component, material, or substance utilized in the manufacture, testing, and/or inspection of the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad. Moreover, to the extent that the Request seeks production of any documents "relating to" any component, material, or substance utilized in the manufacture, testing, and/or inspection of the Little Giant Ladder, Wing Enterprises objects to it because:

(a) in not only seeking production of specific types of documents, but documents that have any "relation" to those documents, however tenuous, and whatever they may be (but not

specifically described), the Request is unduly vague and fails to possess the specificity required by Rule 34 of the Federal Rules of Civil Procedure;

(b)    for the same reasons, the Request seeks production of documents that are not relevant to Plaintiff's claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues: and

(c)    the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiver of the foregoing objections, however, Wing Enterprises responds as follows insofar as this Request seeks production of existing documents that identify the components, materials, or substance utilized in the manufacture, testing, and/or inspection of the model ladder at issue in this lawsuit, that were generated prior to October of 2016, the date that the actual ladder at issue in the lawsuit was produced as per the date code applicable to the ladder:

See documents produced under Tab "_."


**REQUEST FOR PRODUCTION NO. 13:** Any documents relating to any instructions authored, approved, published, adopted, or distributed by Defendant that accompanied the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad. Moreover, to the extent that the Request seeks production of any documents "relating to" any instructions authored, approved, published, adopted, or distributed by Defendant that accompanied the Little Giant Ladder, Wing Enterprises objects to it because:

(a) in not only seeking production of specific types of documents, but documents that have any "relation" to those documents, however tenuous, and whatever they may be (but not specifically described), the Request is unduly vague and fails to possess the specificity required by Rule 34 of the Federal Rules of Civil Procedure;

(b)    for the same reasons, the Request seeks production of documents that are not relevant to Plaintiff's claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues: and

(c)    the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiver of the foregoing objections, however, Wing responds as follows insofar as this Request seeks production of written instructions authored, approved, published, adopted, or distributed by Wing Enterprises that accompanied the model ladder prior to October of 2016, the date that the actual ladder at issue in the lawsuit was produced as per the date code applicable to the ladder:

See documents produced under Tab "_."


**REQUEST FOR PRODUCTION NO. 14:** All communications to purchasers of all Little Giant Ladders, Part Number 2322-801, Model Number 22, from January 1, 2014 to December 29, 2019.

**RESPONSE:**    Wing Enterprises assumes that Plaintiff's intent is to refer to Part Number 12322-801, and will respond accordingly as to all Requests that reference Part Number 2322. However, since this Request is not narrowed in any way to communications involving subjects to potential relevance to the issues in this case, Wing Enterprises objects to it because:

**DEFENDANT WING ENTERPRISES, INC.'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**                                      **Page 13**

**APP. 0017**

(a)    the Request seeks production of documents that are not relevant to Plaintiff's claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues: and

(b)    the burden or expense of the proposed discovery outweighs its likely benefit.

**REQUEST FOR PRODUCTION NO. 15:** All documents relating to any post-manufacturing inspection policies, procedures, guidelines, and standards for all Little Giant Ladders (Part number 2322-801, Model number 22) manufactured from January 1, 2014 to December 29, 2019.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad. Moreover, to the extent that the Request seeks production of any documents "relating to" any post-manufacturing inspection policies, procedures, guidelines, and standards applicable to the Little Giant Ladder, Wing Enterprises objects to it because:

(a) in not only seeking production of specific types of documents, but documents that have any "relation" to those documents, however tenuous, and whatever they may be (but not specifically described), the Request is unduly vague and fails to possess the specificity required by Rule 34 of the Federal Rules of Civil Procedure;

(b)    for the same reasons, the Request seeks production of documents that are not relevant to Plaintiff's claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues: and

(c)    the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiver of the foregoing objections, however, Wing Enterprises responds as follows insofar as this Request seeks production of documents that reflect post-manufacturing inspection policies, procedures, guidelines, and standards applicable to the model ladder at issue in this lawsuit, that were generated prior to October of 2016, the date that the actual ladder at issue in the lawsuit was produced as per the date code applicable to the ladder:

See documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 16:** All documents reflecting all post-manufacturing inspections performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

Subject to and without waiver of the foregoing objection, however, Wing Enterprises responds as follows insofar as this Request seeks production of documents that reflect post-manufacturing inspections performed on the model ladder at issue in this lawsuit with the date code of the ladder at issue, that were generated prior to October of 2016, the date that the actual ladder at issue in the lawsuit was produced as per the date code applicable to the ladder:

See documents produced under Tab "_."


**REQUEST FOR PRODUCTION NO. 17:** If not manufactured by Wing Enterprises, please produce a copy of all contracts with the entity that manufactured the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad. Moreover, because the Request is not limited to contracts applicable to the manufacture of the model ladder at issue in the lawsuit, but instead seeks production of any contracts with an entity that manufactured it, regardless of contract subject content or topic, Wing Enterprises objects to it because:

(a)    the Request seeks production of documents that are not relevant to Plaintiff's claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues: and

(c)    the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiver of the foregoing objections, however, Wing responds as follows insofar as this Request seeks production of contracts with any entity that manufactured the model ladder at issue in this lawsuit that were entered into prior to the date that Plaintiff's decedent purchased the actual ladder at issue in the lawsuit, and that relate specifically to the manufacture of the model ladder:

Wing Enterprises is still in the process of searching for and collecting any documents responsive to this Request, as narrowed, and will produce any such documents upon the completion of that process.

**REQUEST FOR PRODUCTION NO. 18:** All blueprints, sketches, drawings, specifications, notes, service manuals, parts lists, and other documents which depict of otherwise relate to the design, fabrication, labeling, and/or assembly of the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad. Moreover, to the extent that the Request seeks production of any documents "relating to" any blueprints, sketches, drawings specifications, notes, service manuals, parts lists, design, fabrication, labeling, and/or assembly applicable to the Little Giant Ladder model at issue in the lawsuit, Wing Enterprises objects to it because:

(a) in not only seeking production of specific types of documents, but documents that have any "relation" to those documents, however tenuous, and whatever they may be (but not

specifically described), the Request is unduly vague and fails to possess the specificity required

by Rule 34 of the Federal Rules of Civil Procedure;

(b)     for the same reasons, the Request seeks production of documents that are not

relevant to Plaintiff's claims and proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues: and

(c)     the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiver of the foregoing objections, however, Wing Enterprises

responds as follows insofar as this Request seeks production of blueprints, sketches, drawings,

specifications, service manuals, parts lists, and/or plans applicable to the design, fabrication,

labeling, and/or assembly of the model ladder at issue in this lawsuit, that were generated prior to

October of 2016, the date that the actual ladder at issue in the lawsuit was produced as per the

date code applicable to the ladder:

See documents produced under Tab "_."


**REQUEST FOR PRODUCTION NO. 19:** All pamphlets, booklets, catalogs, and other
documents that You sent to distributors, dealers, and/or customers that refer or relate to the
Little Giant Ladder (Part number 2322-801, Model number 22).

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing

Enterprises objects to it as overbroad. Moreover, because the Request has no limitation (much

less a reasonable limitation) on the subject content of the documents requested, Wing Enterprises

objects to it because:

(a)    the Request seeks production of documents that are not relevant to Plaintiff's claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues: and

(c)    the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiver of the foregoing objections, however, Wing responds as follows insofar as this Request seeks production of pamphlets, booklets, catalogs, and other documents that Wing sent to distributors, dealers, and/or customers that were generated prior to October of 2016, the date that the actual ladder at issue in the lawsuit was produced as per the date code applicable to the ladder, and that relate to the features, design, labeling and/or safety of the model ladder at issue in this lawsuit:

See documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 20:** All documents filed with any government agency relating to recalls and warnings, and the design, assembly, manufacture, servicing, maintenance, distribution, advertising or sale of the Little Giant Ladder (Part number 2322-801, Model number 22).

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

Subject to and without waiver of the foregoing objection, however, Wing Enterprises responds as follows since there are no responsive documents, and by so noting, it eliminates any potential dispute regarding this Request and the response to it:

None.

**REQUEST FOR PRODUCTION NO. 21:** All correspondence, diagrams, blueprints, photographs, or similar descriptive material sent to or received from independent companies relating to the design, manufacture, development, or installation of safety devices for the protection of persons using the Little Giant Ladder (Part number 2322-801, Model number 22).

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing

Enterprises objects to it as overbroad

Subject to and without waiver of the foregoing objection, however, Wing Enterprises

responds as follows insofar as this Request seeks production of diagrams, blueprints,

photographs, or similar descriptive material generated in the five years prior to January 1, 2020:

See documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 22:** All labels, tags, directions, instructions, operating manuals, maintenance manuals or other warnings that accompanied the Little Giant Ladder when it left Your physical control.

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing

Enterprises objects to it as overbroad.

Subject to and without waiver of the foregoing objection, however, Wing Enterprises

responds as follows insofar as this Request seeks production of documents generated in the five

years prior to January 1, 2020:

See documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 23:** All data, testing, analysis, study or documents that establish the "useful life" of the Little Giant Ladder (Part number 2322-801, Model number 22).

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing

Enterprises objects to it as overbroad. Moreover, Wing Enterprises objects because the Request

fails to seek designated and existing documents as required by Rule 34 of the Federal Rules of Civil Procedure, but instead seeks production of the act of testing, analysis and/or study.

Subject to and without waiver of the foregoing objections, however, Wing Enterprises responds as follows insofar as this Request seeks production of documents reflecting data, test results, analysis, study that establish a "useful life" of the model ladder at issue in this lawsuit, that were generated in the five years prior to January 1, 2020:

See ANSI Section 14.2, Section 8, which is copyrighted and available for purchase. In addition, see documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 24:** All data, testing, analysis, study or documents that establish the "useful life" of any Little Giant Ladder ever produced or sold in the United States.

**RESPONSE:**        Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad. Moreover, Wing Enterprises objects because the Request fails to seek designated and existing documents as required by Rule 34 of the Federal Rules of Civil Procedure, but instead seeks production of the act of testing, analysis and/or study. Because the Request is not limited to the model ladder at issue in this lawsuit, Wing Enterprises objects to it because:

(a)      the Request seeks production of documents that are not relevant to Plaintiff's claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues: and

(c)      the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiver of the foregoing objections, however, Wing responds as follows insofar as this Request seeks production of documents reflecting data, test results,

analysis, study that establish a "useful life" of the model ladder at issue in this lawsuit, that were generated in the five years prior to January 1, 2020:

See ANSI Section 14.2, Section 8, which is copyrighted and available for purchase. In addition, see documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 25:** All documents, data, communications, materials provided with the Little Giant Ladder which informed the consumer about the "useful life" of the Little Giant Ladder and/or instructions on when to remove the ladder from service.

**RESPONSE:** See documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 26:** All documents and data that You internally rely on to establish a Little Giant Ladder's (Part number 2322-801, Model number 22) useful life.

**RESPONSE:** Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

Subject to and without waiver of the foregoing objection, however, Wing Enterprises responds as follows insofar as this Request seeks production of documents relied on to establish a "useful life" of the model ladder at issue in this lawsuit, that were generated in the five years prior to January 1, 2020:

See ANSI Section 14.2, Section 8, which is copyrighted and available for purchase. In addition, see documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 27:** All documents and data that You internally rely on to determine when a Little Giant Ladder (Part number 2322-801, Model number 22) has exceeded its useful life.

**RESPONSE:** Because the Request is not reasonably limited in temporal scope, Wing objects to it as overbroad.

Subject to and without waiver of the foregoing objection, however, Wing responds as follows insofar as this Request seeks production of documents relied on to determine when a "useful life" of the model ladder at issue in this lawsuit has been exceeded, that were generated in the five years prior to January 1, 2020:

See ANSI Section 14.2, Section 8, which is copyrighted and available for purchase. In addition, see documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 28:** All documents and data that You published or made available to consumers prior to December 29, 2019 to determine when a Little Giant Ladder (Part number 2322-801, Model number 22) has exceeded its useful life.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

Subject to and without waiver of the foregoing objection, however, Wing Enterprises responds as follows insofar as this Request seeks production of documents published or made available to consumers in the five years prior to December 29, 2019 to determine when the model ladder at issue in this lawsuit had exceeded its "useful life":

See documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 29:** All documents and data that You internally rely on to determine when a Little Giant Ladder (Part number 2322-801, Model number 22) is unsafe for use.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

Subject to and without waiver of the foregoing objection, however, Wing Enterprises responds as follows insofar as this Request seeks production of documents relied on by Wing Enterprises to determine when the model ladder at issue in this lawsuit is unsafe for use:

See ANSI Section 14.2, Section 8, which is copyrighted and available for purchase.

**REQUEST FOR PRODUCTION NO. 30:** All documents and data that You published or made available to consumers prior to December 29, 2019 to determine when a Little Giant Ladder (Part number 2322-801, Model number 22) is unsafe for use.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

Subject to and without waiver of the foregoing objection, however, Wing Enterprises responds as follows insofar as this Request seeks production of documents published or made available to consumers prior to December 29, 2019 to determine when the model ladder at issue in this lawsuit is not safe for further use:

See documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 31:** All documents and data that You internally rely on to determine when a Little Giant Ladder (Part number 2322-801, Model number 22) should be removed from service.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

Subject to and without waiver of the foregoing objection, however, Wing Enterprises responds as follows insofar as this Request seeks production of documents relied on by Wing Enterprises to determine when the model ladder at issue in this lawsuit should not be used any further:

See ANSI Section 14.2, Section 8, which is copyrighted and available for purchase.

**REQUEST FOR PRODUCTION NO. 32:** All documents and data that You published or made available to consumers prior to December 29, 2019 to determine when a Little Giant Ladder (Part number 2322-801, Model number 22) should be removed from service.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

Subject to and without waiver of the foregoing objection, however, Wing Enterprises responds as follows insofar as this Request seeks production of documents published or made available to consumers prior to December 29, 2019 to determine when the model ladder at issue in this lawsuit should not be used any further:

See documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 33:** All documents, data, communications, materials ever provided by You about the "useful life" of any Little Giant Ladder (Part number 2322-801, Model number 22) ever produced or sold by you in the United States.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, and based on Wing Enterprises' reasonable understanding that this Request is seeking production of documents distributed generally, Wing responds as follows insofar as this Request seeks production of documents ever distributed to the public prior to January 1, 2020 about the "useful life" of the model ladder at issue in this lawsuit:

See documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 34:** All documents, data, communications, materials ever produced by You about when to remove any Little Giant Ladder (Part number 2322-801, Model number 22) ever produced or sold by you in the United States from service.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, and based on Wing Enterprises' reasonable understanding that this Request is seeking production of documents

**APP. 0028**

distributed generally, Wing responds as follows insofar as this Request seeks production of documents ever distributed to the public prior to January 1, 2020 about when discontinue any further use of the model ladder at issue in this lawsuit:

See documents produced under Tab "_."


**REQUEST FOR PRODUCTION NO. 35:** All testing, analysis, or study that was the basis for any directive to the consumer for routine or detailed maintenance to be performed on the Little Giant Ladder.

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad. Moreover, Wing Enterprises objects because the Request fails to seek designated and existing documents as required by Rule 34 of the Federal Rules of Civil Procedure, but instead seeks production of the act of testing, analysis and/or study.

Subject to and without waiver of the foregoing objections, however, Wing Enterprises responds as follows insofar as this Request seeks production of documents reflecting test results, analysis, study that formed the basis for any directive to the consumer for routine or detailed maintenance to be performed on the model ladder at issue in this lawsuit, that were generated prior to January 1, 2020:

Wing Enterprises is still in the process of searching for and collecting any documents responsive to this Request, as narrowed, and will produce any such documents upon the completion of that process.


**REQUEST FOR PRODUCTION NO. 36:** All documents, data, instructions, or materials provided with the Little Giant Ladder.

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

Subject to and without waiver of the foregoing objection, however, Wing Enterprises responds as follows insofar as this Request seeks production of any materials provided with the model ladder at issue in this lawsuit prior to January 1, 2020:

See documents produced under Tab "_."


**REQUEST FOR PRODUCTION NO. 37:** All correspondence, emails, memoranda, test results, root cause analysis, data, reports, notes, meeting minutes, or proposed changes to the manufacture, design, or marketing of the Little Giant Ladder (Part number 2322-801, Model number 22).

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad. Moreover, as phrased, the Request is unduly vague and difficult to comprehend, as it makes mention of many different types of documents but is unclear about whether it is only seeking those documents as they relate to specific subjects or to the ladder generally. For that reason, (assuming that the Request has no limitation--much less a reasonable limitation--on the subject content of the documents requested), Wing Enterprises objects to it because:

(a)    the Request seeks production of documents that are not relevant to Plaintiff's claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues: and

(c)    the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiver of the foregoing objections, Wing Enterprises responds as follows insofar as this Request seeks production of test results, root cause analysis documents, data, and reports pertaining to proposed changes to the manufacture, design, or warnings applicable to the model ladder at issue in this lawsuit, that were generated prior to of 2016, the

date that Plaintiff's decedent's ladder was produced as per the date code of the actual ladder at

issue in the lawsuit:

See documents produced under Tab "_."


**REQUEST FOR PRODUCTION NO. 38:** Any correspondence, emails, memoranda, test results, root cause analysis, data reports, notes, meeting minutes, or proposed changes to the manufacture, design or marketing of the Little Giant Ladder provided to the Consumer Product Safety Commission or other governmental agency.

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing

Enterprises objects to it as overbroad. Moreover, as phrased, the Request is unduly vague and

difficult to comprehend, as it makes mention of many different types of documents but is unclear

about whether it is only seeking those documents as they relate to specific subjects or to the

ladder generally. For that reason, (assuming that the Request has no limitation--much less a

reasonable limitation--on the subject content of the documents requested), Wing Enterprises

objects to it because:

(a)     the Request seeks production of documents that are not relevant to Plaintiff's

claims and proportional to the needs of the case, considering the importance of the issues at stake

in the action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, the importance of the discovery in resolving the issues: and

(c)     the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiver of the foregoing objections, however, given that there are

no responsive documents and responding will therefore eliminate any potential controversy over

objections to this Request, Wing Enterprises responds as follows insofar as this Request seeks

production of correspondence, emails, memoranda, test results, root cause analysis, data, reports,

notes, meeting minutes pertaining to proposed changes to the manufacture, design, or marketing

of the model ladder at issue in this lawsuit, that were provided to the CPSC:

> None.

**REQUEST FOR PRODUCTION NO. 39:** All documents and data that relate to the Little Giant Velocity™, LT™ and Liberty™ multipurpose ladders recall.

**RESPONSE:**    The recall of such ladders had nothing to do with any component parts or features or warnings applicable to the model ladder at issue in this suit. For that reason, and because the Request seeks production of any documents "relating to" any recall of these other ladders, without any attempt at all to narrow the scope to specific types of documents that Plaintiff would contend are potentially relevant to the issues in this case, Wing Enterprises objects to it because:

(a) in seeking any documents that have any "relation" to the recall of other model ladders, however tenuous, and whatever they may be (but not specifically described), the Request is unduly vague and fails to possess the specificity required by Rule 34 of the Federal Rules of Civil Procedure;

(b)    the Request seeks production of documents that are not relevant to Plaintiff's claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues: and

(c)    the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiver of the foregoing objections, however, Wing Enterprises would agree (as part of a negotiated agreement to limit the scope of discovery attempted with

**DEFENDANT WING ENTERPRISES, INC.'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**                                    **Page 28**

**APP. 0032**

respect to this irrelevant topic) to produce certain documents that it sent to and/or received from third parties relating to the specific defect that was the subject of the recall.

**REQUEST FOR PRODUCTION NO. 40:** All documents, data, and correspondence exchanged between You and any person or entity working with the Consumer Product Safety Commission that relates to or refers to the Little Giant Velocity™, LT™ and Liberty™ multipurpose ladders recall.

**RESPONSE:**    The recall of such ladders had nothing to do with any component parts or features or warnings applicable to the model ladder at issue in this suit. For that reason, Wing objects to it because:

(a)    the Request seeks production of documents that are not relevant to Plaintiff's claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues: and

(b)    the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiver of the foregoing objections, however, Wing would agree (as part of a negotiated agreement to limit the scope of discovery attempted with  respect to this irrelevant topic) to produce documents that it sent to and/or received from the CPSC relating to the specific defect that was the subject of the recall.

**REQUEST FOR PRODUCTION NO. 41:** All documents and data that You relied on to determine that any Little Giant Ladder with the Type A Rock Lock was "safe to operate."

**RESPONSE:**    Because the Request is not reasonably limited to the model ladder at issue in this lawsuit, Wing objects to it because:

**APP. 0033**

(a)     the Request seeks production of documents that are not relevant to Plaintiff's claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues: and

(b)     the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiver of the foregoing objections, however, Wing responds as follows insofar as this Request seeks production of documents relied on by Wing as part of concluding that the design of the Type A Rock Lock on the model ladder at issue was a safe design:

See documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 42:** All documents and data that You relied on to determine that any Little Giant Ladder with the Type B Rock Lock was not safe to operate and needed to be recalled.

**RESPONSE:**     The recall of such ladders had nothing to do with any component parts or features or warnings applicable to the model ladder at issue in this suit. For that reason, Wing objects to it because:

(a)     the Request seeks production of documents that are not relevant to Plaintiff's claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues: and

(b)     the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiver of the foregoing objections, however, Wing would agree (as part of a negotiated agreement to limit the scope of discovery attempted with respect to this

**DEFENDANT WING ENTERPRISES, INC.'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**                                    **Page 30**

**APP. 0034**

irrelevant topic) to produce documents that it relied on to determine that any Little Giant Ladder

with the Type B Rock Lock needed to be recalled.

**REQUEST FOR PRODUCTION NO. 43:** All notices to consumers regarding the Little Giant Ladder (Part number 2322-801, Model number 22) after January 1, 2015.

**RESPONSE:**   See documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 44:** A discrete copy of each webpage, including all modifications and changes, that related or refers to the Little Giant Ladder (Part number 2322-801, Model number 22) from January 1, 2015 to the present.

**RESPONSE:**   Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad and unduly burdensome.

However, subject to and without waiver of the foregoing objections, Wing Enterprises responds as follows insofar as this Request seeks production of webpage content applicable to the model ladder at issue any time prior to January 1, 2020:

See documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 45:** A discrete copy of each webpage, including all modifications and changes, that relate or refer to the Little Giant Velocity™, LT™ and Liberty™ multipurpose ladders recall.

**RESPONSE:**   The recall of such ladders had nothing to do with any component parts or features or warnings applicable to the model ladder at issue in this suit. For that reason, Wing Enterprises objects to it because:

(a)   the Request seeks production of documents that are not relevant to Plaintiff's claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues: and

(b)       the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiver of the foregoing objections, however, Wing Enterprises would agree (as part of a negotiated agreement to limit the scope of discovery attempted with respect to this irrelevant topic) to produce hard copies of website content relating to the recall, if any.

**REQUEST FOR PRODUCTION NO. 46:** All documents that relate or refer to any notices from consumers or users of any defects, failures, injuries or incidents involving a Little Giant Velocity™ ladder.

**RESPONSE:**  Notices regarding other model ladders are of no possible relevance to any of the issues presented by this case. Moreover, Plaintiff does not even attempt to narrow the Request to notices about incidents or concerns related to ladder components or features that are the same as components or features of the model ladder at issue that Plaintiff contends to have been defective and to have caused the accident in question. Finally, given that the Request is likewise not reasonably limited in temporal scope, the Request seeks production of any documents that "relate or refer" to notices from consumers, regardless of actual subject content, Wing Enterprises objects to this Request because:

(a)      the Request seeks production of documents that are not relevant to Plaintiff's claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues:

(b)      the Request is overbroad;

(c)      the burden or expense of the proposed discovery outweighs its likely benefit; and

(d)    the Request, as phrased, would seek production of documents protected from discovery under the attorney-client privilege and/or the work product doctrine, as established by case precedent and Rule 26 of the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 47:** All briefing related to any and all Motions to Strike, Exclude, or Limit any Expert Witness, or area of Expert Witness testimony/opinions, including Daubert and Motions in Limine, that You have filed in cases where you have alleged "misuse," "modification/alteration," or "substantial change or alteration."

**RESPONSE:**    Wing Enterprises objects to this Request because:

(a) in asking Wing Enterprises to provide Plaintiff with copies of legal briefs and motions directed at legal issues presented in other cases, it exceeds the scope of discovery permitted by Rule 26 of the Federal Rules of Civil Procedure

(b) likewise, it seeks production of documents that are neither relevant as evidence in this case nor reasonably calculated to lead to discovery of relevant evidence

(c) it attempts to improperly burden Wing Enterprises with searching for and providing Plaintiff with the benefits of Wing Enterprises' attorney's work product, as a means of enabling Plaintiff to avoid researching and evaluating legal issues on its own; and

(d) Plaintiff has means of searching for court filings on its own, without undue burden, and should not be allowed to transfer that burden to Wing Enterprises, when the documents sought are "of public record" and all Plaintiff has to do is conduct its own search of public records in order to obtain them.

**REQUEST FOR PRODUCTION NO. 48:** All standards that were applicable to Your design, construction, testing, care and use of the Little Giant Ladder (Part number 2322-801, Model number 22).

APP. 0037

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds to this Request for the period of time ending on December 31, 2019:

See ANSI 14.2 and OSHA §1910.23.  The ANSI standards are copyrighted and may be purchased through ANSI and/or the American Ladder Institute.  The OSHA standards are available at https://www.osha.gov/laws-regs/regulations/standardnumber/1910/1910.23.


**REQUEST FOR PRODUCTION NO. 49:** All testing protocols, photos, videos, data, and results of all Horizontal Bending tests performed on the Little Giant Ladder.

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of document generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."


**REQUEST FOR PRODUCTION NO. 50:** All testing protocols, photos, videos, data, and results of all Deflection tests performed on the Little Giant Ladder.

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 51:** All testing protocols, photos, videos, data, and results of all Rung Bending Strength tests performed on the Little Giant Ladder.

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_R."

**REQUEST FOR PRODUCTION NO. 52:** All testing protocols, photos, videos, data, and results of all Rung-to-Side Shear Strength tests performed on the Little Giant Ladder.

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 53:** All testing protocols, photos, videos, data, and results of all Rung Torque tests performed on the Little Giant Ladder.

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."


**REQUEST FOR PRODUCTION NO. 54:** All testing protocols, photos, videos, data, and results of all Rung Torque Design Verification tests performed on the Little Giant Ladder.

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 55:** All testing protocols, photos, videos, data, and results of all Rung Torque In-Service tests performed on the Little Giant Ladder.

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 56:** All testing protocols, photos, videos, data, and results of all Side Sway tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 57:** All testing protocols, photos, videos, data, and results of all Statis Side-Rail Cantilever tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 58:** All testing protocols, photos, videos, data, and results of all Side-Rail Cantilever Dynamic Drop tests performed on the Little Giant Ladder.

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 59:** All testing protocols, photos, videos, data, and results of all Ladder Section Twist tests performed on the Little Giant Ladder.

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 60:** All testing protocols, photos, videos, data, and results of all Foot Slip tests performed on the Little Giant Ladder.

**RESPONSE:**     Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 61:** All testing protocols, photos, videos, data, and results of all Multi-section Extending Force tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows since there are no responsive documents, and by so noting, it eliminates any potential dispute regarding this Request and the response to it:

None.


**REQUEST FOR PRODUCTION NO. 62:** All testing protocols, photos, videos, data, and results of all Scaffold Bending Strength tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows since there are no responsive documents, and by so noting, it eliminates any potential dispute regarding this Request and the response to it:

None.

**REQUEST FOR PRODUCTION NO. 63:** All testing protocols, photos, videos, data, and results of all Cyclic Joint tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises Wing responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

None.

**REQUEST FOR PRODUCTION NO. 64:** All testing protocols, photos, videos, data, and results of all Unlocked Joint tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 65:** All testing protocols, photos, videos, data, and results of all Single Joint Lock tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 66:** All testing protocols, photos, videos, data, and results of all Dynamic Joint Lock Tests for the Scaffold Position performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows since there are no responsive documents, and by so noting, it eliminates any potential dispute regarding this Request and the response to it:

None.

**REQUEST FOR PRODUCTION NO. 67:** All testing protocols, photos, videos, data, and results of all Dynamic Joint Lock Tests for the Straight Ladder Position performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

None.

**REQUEST FOR PRODUCTION NO. 68:** All testing protocols, photos, videos, data, and results of all Dynamic Joint Lock Tests for the Straight Position performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

None.

**REQUEST FOR PRODUCTION NO. 69:** All testing protocols, photos, videos, data, and results of all Compression tests performed on the Little Giant Ladder.

**APP. 0045**

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 70:** All testing protocols, photos, videos, data, and results of all Side-Rail Bending tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 71:** All testing protocols, photos, videos, data, and results of all Step or Platform Bending tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 72:** All testing protocols, photos, videos, data, and results of all Step-to-Side-Rail Shear Strength tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 73:** All testing protocols, photos, videos, data, and results of all Front Stability tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 74:** All testing protocols, photos, videos, data, and results of all Rear Stability tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 75:** All testing protocols, photos, videos, data, and results of all Torsion Stability tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 76:** All testing protocols, photos, videos, data, and results of all Rocking tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 77:** All testing protocols, photos, videos, data, and results of all Rail Cantilever Bending tests performed on the Little Giant Ladder.

**APP. 0048**

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 78:** All testing protocols, photos, videos, data, and results of all Rear Rail Static Cantilever Bending tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 79:** All testing protocols, photos, videos, data, and results of all Front and Rear Rail Dynamic Drop tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 80:** All testing protocols, photos, videos, data, and results of all Rail Torsion and Spreader tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 81:** All testing protocols, photos, videos, data, and results of all Stepladder Slip tests performed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 82:** All testing protocols, photos, videos, data, and results of the following Labeling Tests performed on the Little Giant Ladder:
    a.  Adhesion Test
    b.  Scratch Resistance Test
    c.  Water Immersion Test
    d.  Oven Aging Test

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 83:** All testing protocols, photos, videos, data, and results of testing performed on the Rock Lock mechanism as installed on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad.

However, subject to and without waiver of the foregoing objection, Wing Enterprises responds as follows insofar as this Request seeks production of documents generated prior to January 1, 2020:

For any testing protocols, see the response to Request No. 48; otherwise, any such documents are included under Tab "_."

**REQUEST FOR PRODUCTION NO. 84:** All metallurgic testing performed to identify the porosity of the casting materials used on the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad. Moreover, Wing Enterprises objects because the Request fails to seek designated and existing documents as required by Rule 34 of the Federal Rules of Civil Procedure, but instead seeks production of actual metallurgical testing.

Subject to and without waiver of the foregoing objections, however, Wing Enterprises responds as follows insofar as this Request seeks production of documents reflecting results of metallurgic testing performed to identify the porosity of the casting materials used on the model ladder at issue in this lawsuit, that were generated prior to January 1, 2020:

None.

**REQUEST FOR PRODUCTION NO. 85:** All data, documents and other tangible things that relate or refer to the alloys used in the construction of the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad. Moreover, to the extent that the Request seeks production of any documents relating to alloys used in the fabrication of parts of the model ladder at issue other than those parts that Plaintiff alleges to have been defective and a cause of the accident, and, more generally, any documents "relating to" alloys, as opposed to documents identifying the alloys, Wing Enterprises objects to it because:

(a)    in not seeking production of documents that identify alloys used in parts claimed to have been defective, but documents that have any "relation" to alloys used in any parts of the model ladder at issue, however tenuous, and whatever they may be (but not specifically described), the Request is unduly vague and fails to possess the specificity required by Rule 34 of the Federal Rules of Civil Procedure;

(b)    the Request seeks production of documents that are not relevant to Plaintiff's claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues: and

(c)    the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiver of the foregoing objections, however, Wing Enterprises responds as follows insofar as this Request seeks production of documents that reflect alloys used in the ladder component parts being complained of by Plaintiff and that were generated prior to October of 2016, the date that Plaintiff's decedent's ladder was produced as per the date code of the actual ladder at issue in the lawsuit:

Wing Enterprises is still in the process of searching for any documents responsive to this Request, as narrowed, and will produce such documents, if any, upon the completion of that process.

**REQUEST FOR PRODUCTION NO. 86:** All quality control documentation for the Little Giant Ladder.

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad. Moreover, there "term quality control documentation" lacks a certain and definite meaning, and, thus, the Request fails to identify requested documents with the specificity required by Rule 34 of the Federal Rules of Civil Procedure.

Subject to and without waiver of the foregoing objections, however, Wing Enterprises responds as follows insofar as this Request seeks production of engineering drawings, assembly records and manufacturing data applicable to the production of the actual ladder at issue in this lawsuit, based on the date code for the ladder:

See documents produced under Tab "_."

**REQUEST FOR PRODUCTION NO. 87:** All data and documents exchanged with Suzhou Zhongchuang Aluminum Products Co. Ltd. That relate or refer to the Little Giant Ladder (Part number 2322-801, Model number 22).

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad. Moreover, because the Request is not limited to documents

applicable to the manufacture of the model ladder at issue in the lawsuit, but instead seeks production of any documents exchanged, regardless of subject content or topic, Wing Enterprises objects to it because:

(a)    the Request seeks production of documents that are not relevant to Plaintiff's claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues: and

(c)    the burden or expense of the proposed discovery outweighs its likely benefit.


**REQUEST FOR PRODUCTION NO. 88:** All data and documents exchanged with Suzhou PICA Aluminum Industry Ltd., of China that relate or refer to the Little Giant Ladder (Part number 2322-801, Model number 22).

**RESPONSE:**    Because the Request is not reasonably limited in temporal scope, Wing Enterprises objects to it as overbroad. Moreover, because the Request is not limited to documents applicable to the manufacture of the model ladder at issue in the lawsuit, but instead seeks production of any documents exchanged, regardless of subject content or topic, Wing Enterprises objects to it because:

(a)    the Request seeks production of documents that are not relevant to Plaintiff's claims and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues: and

(c)    the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiver of the foregoing objections, however, Wing Enterprises responds as follows since there are no responsive documents, and by so noting, it eliminates any potential dispute regarding this Request and the response to it:

None.

Respectfully submitted,

LAW OFFICES OF ARTHUR K. SMITH,
a Professional Corporation

By:    /s/ Arthur K. Smith
           Arthur K. Smith
           State Bar No. 18534100

           507 Prestige Circle
           Allen, Texas 75002
           Telephone:  (469) 519-2500
           Facsimile:  (469) 519-2555
           asmith@aksmithlaw.com

ATTORNEY FOR DEFENDANT
WING ENTERPRISES, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of January, 2021, a copy of the

foregoing pleading was forwarded via facsimile and/or electronic service to all counsel of record.

*/s/ Arthur K. Smith*
Arthur K. Smith

# EXHIBIT "2"

APP. 0057

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| DUSTI THOMPSON, Individually, On Behalf of the Estate of Scott Thompson, Deceased, and on behalf of All Wrongful Death Beneficiaries<br>　　Plaintiff | §<br>§<br>§<br>§<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. 3:20-cv-2170-L |
| WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDERS, and HAROLD ARTHUR WING<br>　　Defendants | §<br>§<br>§<br>§<br>§ | |

**DEFENDANT WING ENTERPRISES,
INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

NOW COMES Defendant WING ENTERPRISES, INC., d/b/a LITTLE GIANT LADDERS, in the above-styled and numbered cause and serves this, its Responses and Objections to Plaintiff's Second Set of Requests for Production.

Respectfully submitted,

CURNEY, FARMER, HOUSE
OSUNA & JACKSON, P.C.
411 Heimer Road
San Antonio, Texas 78232
(210) 377-1990 (Telephone)
(210) 377-1065 (Facsimile)

By: _____

**JEFFREY C. HOUSE**
State Bar No. 00784295
jhouse@cfholaw.com
**J. DEAN JACKSON**
State Bar No. 24008373
djackson@cfholaw.com

1

**APP. 0058**

**MICHAEL D. DeNUCCIO**
State Bar No. 24025015
mdenuccio@cfholaw.com
**ATTORNEYS FOR DEFENDANTS**
**WING ENTERPRISES, INC. d/b/a**
**LITTLE GIANT LADDERS, and**
**HAROLD ARTHUR WING**

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing pleading has been forwarded in accordance with the Federal Rules of Civil Procedure as set out below on this the 7th day of February, 2022.

Ross Cunningham
Joseph R. Alexander, Jr.
Steven D. Sanfelippo
Cunningham Swaim, LLP
4014 Main Street, Suite 200
Dallas, Texas 75226
rcunningham@cunninghamswaim.com
joe@cunninghamswaim.com
ssanfelippo@cunninghamswaim.com
*Attorneys for Plaintiffs*

Jeffrey G. House
J. Dean Jackson
Michael D. DeNuccio

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

**APP. 0059**

**DEFENDANT WING ENTERPRISES,
INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

**GENERAL OBJECTIONS TO ALL DISCOVERY:**

1.      Defendant objects to any discovery requests by Plaintiff which seeks information, documents, items and/or tangible things that are not relevant to the issues in dispute, including but not limited to, any request for information, documents, items and/or tangible things related to ladders which do not articulate, and/or design versions of the Rock Locks other than version 1.0.

2.      Defendant objects to any discovery requests by Plaintiff which seeks information, documents, items and/or tangible things that are beyond the reasonable scope of discovery including but not limited to request for information, documents, items and/or tangible things related to ladders or Rock Locks for excessive periods of time.  Defendant has limited its responses to Plaintiff's Second Set of Requests for Production to a reasonable time period as set forth by the Magistrate Judge in his Electronic Order (Document #33) of January 19, 2022.

3.      Defendant objects to any request or imposed requirement (absent a court order) to identify specific bates numbered documents in response to a particular discovery request.  Defendant's counsel has endeavored to accurately identify specific bates ranges of responsive documents to particular discovery requests. It is possible that counsel for Defendant failed to identify every document that may be responsive to each discovery request based on the wording of the request. Defendant has produced over 3,900 new documents in response to Plaintiff's Second Set of Requests for Production and over 6,300 documents in total. Plaintiff and her counsel should review each document produced for responsiveness to any propounded interrogatory or request for production as applicable.

4.      The documents being produced were located after a diligent search to find relevant responsive and non-privileged documents.  The yield of such diligent search is being produced contemporaneously with these responses.    To the extent that additional relevant responsive non-privileged documents are located, Defendant will supplement.

**REQUEST FOR PRODUCTION NO. 1:**
Please produce the following items as listed in Your Rule 26(a)(1) Initial Disclosures (if they have already been produced, please identify the prior production by bates number):
   a.  Design Drawings, Xtreme Ladder Model 12322-801
   b.  ESI Photos of Accident Ladder, June 2020
   c.  ESI Photos of Accident Site, June 2020
   d.  Accident Ladder Order and Invoice

3

e.  Links to Infomercials for Xtreme Ladder
f.  Copies of Labels and Manual provided with Accident Ladder
g.  ANSI Testing Results for Xtreme Ladder
h.  Cyclic Testing Results for Rock Locks used for Xtreme Ladders
i.  Testing Documentation for Labels used on Xtreme Ladders

**RESPONSE:**

a.  **Design Drawings, Xtreme Ladder Model 12322-801: 0001-0141 (Same documents appear at 1187-1327)**
b.  **ESI Photos of Accident Ladder, June 2020: 1437-2429**
c.  **ESI Photos of Accident Site, June 2020: 1339-1436**
d.  **Accident Ladder Order and Invoice: 0782, 0783**
e.  **Links to Infomercial for Xtreme Ladder: 0751 (Same document appears at 785)**
f.  **Copies of Labels and Manual provided with accident ladder: 0182, 0183, 0188-0192, 0194, 0195, 0197, 0198, 0200, 0202, 0203, 0205, 0206**
g.  **ANSI Testing Results for Xtreme Ladder: 0311-0750 (Same documents also appear at 786-1186)**
h.  **Cyclic Testing Results for Rock Lock 1.0: 0750 (Same document appears at 0784)**
i.  **Testing Documentation for Labels used on Xtreme ladders: 0752-0763 (Same documents appear at 1328-1338).**

**REQUEST FOR PRODUCTION NO. 2:**
Please produce all documents, communications, data, videos, photographs, or tangible things related to any claim in which there is an allegation or belief that a Rock Lock (or any component or subassembly thereof) failed, did not properly function, or was defective, regardless of whether the claim ultimately ended up in litigation or not. This request does not seek materials protected by the attorney-client or work-product privileges, but it does seek all non-privileged materials including demand letters, responses to demand letters, emails, voicemails, text messages, pleadings, other court filings, discovery, and depositions. This request is meant to cover liability claims of any kind as well as warranty claims. This request seeks such information from January 1, 2008 to the present.

**RESPONSE:**
**Defendant objects to the foregoing Request for Production insofar as it is vague, ambiguous and lacks specificity ("belief").**

**Defendant objects to the foregoing Request for Production insofar as it attempts to require Defendant to speculate about the belief(s) of others which Defendant cannot do.**

**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

4

**APP. 0061**

**Without waiving the foregoing objection and subject to the same, attached hereto are non-privileged responsive documents related to the following claims:**
**Jeanie Bastian: Bates 2453-2473**
**Brent Dorsey: Bates 2474-2486**
**Weston Lightsey: Bates 2487-2811**

**REQUEST FOR PRODUCTION NO. 3:**
Please produce all documents, communications, data, videos, photographs, or tangible things related to any patents that cover Rock Locks and any applications for patents that were to cover Rock Blocks.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**See attached patents that relate to the Xtreme M22 ladder and/or Rock Locks version 1.0. Bates 2812-2957.**

**REQUEST FOR PRODUCTION NO. 4:**
Please produce all documents, communications, data, videos, photographs or tangible things that relate to or arise from customer complaints or feedback related to Rock Lock 1.0, Rock Lock 2.0, and/or Rock Lock 3.0.

**RESPONSE:**
**Defendant objects to the foregoing Request for Production insofar as it is vague, ambiguous and lacks specificity ("relate to or arise from feedback").**

**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Without waiving the foregoing objection and subject to the same, Defendant incorporates herein by reference the documents produced in response to Request for Production No. 1 herein. See also Bates 2453-2811 and 4206-5608.**

**REQUEST FOR PRODUCTION NO. 5:**
Please produce all documents, communications, data, videos, photographs or tangible things that relate to or arise from any exchange of information between Customer Support and Engineering about Rock Lock 1.0, Rock Lock 2.0, and/or Rock Lock 3.0.

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

**APP. 0062**

**RESPONSE:**
**Defendant objects to the foregoing Request for Production insofar as it is vague, ambiguous and lacks specificity ("relate to or arise from exchange of information").**

**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Without waiving the foregoing objection and subject to the same, any documents responsive to this request will be in the emails produced hereto. See Bates 3876-4205.**

**REQUEST FOR PRODUCTION NO. 6:**
Please produce all documents, communications, data, videos, photographs or tangible things that relate to or arise from any investigation, testing, or analysis of alleged defects in Rock Lock 1.0, Rock Lock 2.0, and/or Rock Lock 3.0.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**See attached documents regarding injury and warranty claims at Bates 2453-2811; and 4206-5608.**

**REQUEST FOR PRODUCTION NO. 7:**
Please produce all documents, communications, data, videos, photographs or tangible things that relate to or arise from any safety concerns about Rock Lock 1.0, Rock Lock 2.0, and/or Rock Lock 3.0.

**RESPONSE:**
**Defendant objects to the foregoing Request for Production insofar as it is vague, ambiguous and lacks specificity ("relate to or arise from any safety concerns" – by whom and whether those concerns were relayed to Defendant).**

**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Defendant refers Plaintiff to Defendant's responses to Requests for Production Nos. 2 and 6.**

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

**APP. 0063**

**REQUEST FOR PRODUCTION NO. 8:**
Please produce all versions of Your document or data retention policies from January 1, 2008 to the present.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**See attached document retention policies enacted or in place since December 31, 2015. Bates 2430-2433.**

**REQUEST FOR PRODUCTION NO. 9:**
Please produce the Rock Lock folder as kept by Engineering as described in the deposition of the Wing corporate representative deposition on December 2, 2021.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**See attached Engineering folder being produced subject to the Agreed Protective Order on file herein. See Bates 5609-5925.**

**REQUEST FOR PRODUCTION NO. 10:**
Please produce the Investigation File related to the Velocity recall kept by Engineering and described in the deposition of the Wing corporate representative on December 2, 2021.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**None as the documents sought are beyond the relevant scope and time frame as set forth by the Court in its Electronic Order of January 19, 2022.**

**REQUEST FOR PRODUCTION NO. 11:**
Please produce the files and data related to the Velocity recall (and/or Rock Lock 2.0 recall) held on the laptop of former employee Ted Hartman as described in the deposition of the Wing corporate representative on December 2, 2021.

7

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

**APP. 0064**

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**None as the documents sought are beyond the relevant scope and time frame as set forth by the Court in its Electronic Order of January 19, 2022.**

**REQUEST FOR PRODUCTION NO. 12:**
Please produce all documents, communications, data, videos, photographs or tangible things that relate to or arise from the entire file folder related to Rock Lock 1.0 as kept by Engineering and as described in the deposition of the Wing corporate representative on December 2, 2021.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**See attached documents for Rock Lock Design 1.0, photos of samples and development sketches. See Bates 5609-5925.**

**REQUEST FOR PRODUCTION NO. 13:**
Please produce all documents, communications, data, videos, photographs or tangible things that relate to or arise from any investigation, testing, or analysis of the Rock   Lock 1.0 design, manufacturing, or marketing as a result of the Rock Lock 2.0 recall.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**None.**

**REQUEST FOR PRODUCTION NO. 14:**
Please produce a copy of the following as they existed at the time the accident ladder was created or manufactured (if a document in the following list was not current at the time the accident ladder was created or manufactured, then please produce the last version used by Wing):

      a.   ANSI A14.2

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

b. ANSI A14.5
c. ANSI A14.8
d. ANSI Z1.4
e. AS 1892
f. CSA Z11
g. EN131
h. MIL-L_85896(AS)
i. NFPA 1932
j. UL 1322
k. AS/NZS1892.1
l. AS/NZS1892.3
m. CAN3-Z11-M81
n. EN 131
o. MIL-L85896(AS)
p. U.L. 184
q. ISO 9000
r. MIL-I-45208A
s. FED-STD-368A

**RESPONSE:**
**Defendant objects to the foregoing Request for Production because the documents are protected by copyright and production of same by Defendant would expose Defendant to liability for violation of the copyright. Defendant further objects because such documents are publicly and equally available to Plaintiff.**

**REQUEST FOR PRODUCTION NO. 15:**
Please produce all documents, communications, data, videos, photographs or tangible things that relate to or arise from any testing, analysis, or investigation of financial impact of changing the design, manufacturing, marketing, materials specifications or processes, or vendors for Rock Lock 1.0, Rock Lock 2.0, and Rock Lock 3.0, including without limitation the piece price cost amounts and changes.

**RESPONSE:**
**Defendant objects to the foregoing Request for Production insofar as it is vague, ambiguous and lacks specificity ("relate to or arise from testing or investigation of financial impact").**

**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Without waiving the foregoing objection and subject to the same, see documents related to possible changes to Rock Lock version 1.0. See Bates 2434-2452, and 2958-2966.**

**REQUEST FOR PRODUCTION NO. 16:**

9

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

**APP. 0066**

Please produce all documents, communications, data, videos, photographs or tangible things that relate to or arise from the creation of the original design of the Rock Lock and the processes or plans for the manufacture of the original Rock Lock, including both the assembly as a whole and its components, sub-assemblies, and/or constituent parts. This request seeks all development files.

**RESPONSE:**
**Defendant objects to the foregoing requests for production in that it is overly broad and seeks documents which are not relevant to the issues in dispute.**

**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Without waiving the foregoing objections and subject to the same, see Defendant's response to Request for Production No. 9 herein. The Defendant further cross-references all the documents produced in this matter to the extent that they may be responsive to this request.**

**REQUEST FOR PRODUCTION NO. 17:**
Please produce all documents, communications, data, videos, photographs or tangible things that relate to the following files for Rock Lock 1.0:

      a. Design files
      b. Manufacturing files
      c. Quality files
      d. Drawing files
      e. CAD files
      f. Change Order files (including Change Order files related to parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330)
      g. Product Development files (including Change Order files related to parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330)

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**See Defendant's response to Request for Production No. 9 herein. The Defendant further cross-references all the documents produced in this matter to the extent that they may be responsive to this request.**

10

**APP. 0067**

**REQUEST FOR PRODUCTION NO. 18:**
Please produce all documents, communications, data, videos, photographs or tangible things that relate to or arise from any non-standard testing of Rock Lock 1.0, Rock Lock 2.0, and/or Rock Lock 3.0 as well as any engineering, safety, or cost justification for such testing.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**See Defendant's response to Request for Production No. 9 herein. The Defendant further cross-references all the documents produced in this matter to the extent that they may be responsive to this request.**

**REQUEST FOR PRODUCTION NO. 19:**
Please produce all documents, communications, data, videos, photographs or tangible things that relate to or arise from any testing or demonstrations of the falls from your ladders by those who may be using them or product failures of your ladders or the Rock Locks.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**After a diligent search for responsive documents, Defendant was unable to locate any responsive documents.**

**REQUEST FOR PRODUCTION NO. 20:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning any testing, any research, or any substantiation for any warning that applied to or relate to the accident ladder. This request includes any variations of the warning considered

**RESPONSE:**
**Defendant objects to the foregoing Request for Production insofar as it is vague, ambiguous and lacks specificity (there appears to be an incomplete sentence in the request which prevents Defendant from ascertaining from context the full nature of the request).**

**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

**Without waiving the foregoing objection and subject to the same, Defendant relies on ANSI 14.2 as a recommendation although compliance with ANSI A14.2 is not mandatory. See Bates 1328-1338.**

**REQUEST FOR PRODUCTION NO. 21:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning the materials with the Consumer Product Safety Commission and the Velocity Recall, including the files contained in the Engineering file on the Velocity Recall as described in the deposition of the Wing corporate representative on December 2, 2021.

**RESPONSE:**
**Defendant objects to the foregoing requests for production in that it is overly broad and seeks documents which are not relevant to the issues in dispute.**

**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Without waiving the foregoing objection and subject to the same, none as the documents sought are beyond the relevant scope and time frame as set forth by the Court in its Electronic Order of January 19, 2022.**

**REQUEST FOR PRODUCTION NO. 22:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning any cyclic testing, durability testing, life-limit testing, or fatigue testing for the Rock Lock design and/or its components or subassemblies.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Defendant refers Plaintiff to Defendant's response to Request for Production No. 1 herein. In addition, Defendant has produced Quality Control materials related to Rock Lock design 1.0. See Bates 3109-3112.**

**REQUEST FOR PRODUCTION NO. 23:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning the alpha and beta testing of the Rock Lock or ladders with any version of the Rock Lock installed on them.

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

**APP. 0069**

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**After a diligent search within the scope and time limitations set forth in the Magistrate Judge's Electronic Order of January 19, 2022, there are no responsive documents.**

**REQUEST FOR PRODUCTION NO. 24:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning the Bill of Materials that would have applied to the accident ladder, its Rock Locks, and/or parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**See Bates 3124-3875 and 5929-6352.**

**REQUEST FOR PRODUCTION NO. 25:**
For part numbers 53824 and 53829 (for this request only "Part"), please produce all documents, communications, data, videos, photographs or tangible things concerning:
a. The design of the Part, both individually and as an overall part of the Rock Lock assembly.
b. The shape of the Part, including without limitation any alternatives considered and the justification for the choices made.
c. The material composition of the Part, including without limitation any alternatives considered and the justification for the composition.
d. The manufacture of the Part, including without limitation any alternatives considered and the justification for the composition.
e. Any vendors for the Part or its materials, including without limitation how and why the vendor was selected, contracts with the vendor, instructions to the vendor, drawings exchanged with the vendor, processes exchanged with the vendor, testing exchanged with the vendor, quality-related documents exchanged with the vendor, and any other documents concerning the manufacture, testing, or inspection of the Part exchanged with the vendor.
f. All CAD files or proposed CAD files concerning the Part; and all changes or proposed changes to the CAD file for the Part, including all justifications or substantiations for the change or proposed change.
g. All drawings concerning the Part; and all changes or proposed changes to the drawing for the Part, including all justifications or substantiations for the change or proposed change.
h. All processes concerning the Part; and all changes or proposed changes to the processes for

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

the Part, including all justifications or substantiations for the change or proposed change.

i.   All specifications concerning the part; and all changes or proposed changes to the specifications for the Part, including all justifications or substantiations for the change or proposed change.

j.   All tolerances concerning the Part; and all changes or proposed changes to the tolerances for the Part, including all justifications or substantiations for the change or proposed change.

k.   All changes or proposed changes to the Part, including all justifications or substantiations for the change or proposed change.

l.   All testing related to the failure of the Part or potential failure of the Part.

m.  The interaction of the Part with part numbers 53823, 53822, 52246, 52314, 52248, 52329, and 52330 or any proposed version of those parts.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Defendant refers Plaintiff to Defendant's engineering file. See Bates 5609-5925.**

**REQUEST FOR PRODUCTION NO. 26:**
For part numbers 53823 (for this request only "Part"), please produce all documents, communications, data, videos, photographs or tangible things concerning:

a.   The design of the Part, both individually and as an overall part of the Rock Lock assembly.

b.   The shape of the Part, including without limitation any alternatives considered and the justification for the choices made.

c.   The material composition of the Part, including without limitation any alternatives considered and the justification for the composition.

d.   The manufacture of the Part, including without limitation any alternatives considered and the justification for the composition.

e.   Any vendors for the Part or its materials, including without limitation how and why the vendor was selected, contracts with the vendor, instructions to the vendor, drawings exchanged with the vendor, processes exchanged with the vendor, testing exchanged with the vendor, quality-related documents exchanged with the vendor, and any other documents concerning the manufacture, testing, or inspection of the Part exchanged with the vendor.

f.   All CAD files or proposed CAD files concerning to the Part; and all changes or proposed changes to the CAD file for the Part, including all justifications or substantiations for the change or proposed change.

g.   All drawings concerning the Part; and all changes or proposed changes to the drawing for the Part, including all justifications or substantiations for the change or proposed change.

h.   All processes concerning the Part; and all changes or proposed changes to the processes for the Part, including all justifications or substantiations for the change or proposed

14

**APP. 0071**

change.
i.  All specifications concerning the part; and all changes or proposed changes to the specifications for the Part, including all justifications or substantiations for the change or proposed change.
j.  All tolerances concerning the Part; and all changes or proposed changes to the tolerances for the Part, including all justifications or substantiations for the change or proposed change.
k.  All changes or proposed changes to the Part, including all justifications or substantiations for the change or proposed change.
l.  All testing related to the failure of the Part or potential failure of the Part.
m.  The interaction of the Part with part numbers 53824, 53829, 53822, 52246, 52314, 52248, 52329, and 52330 or any proposed version of those parts.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Defendant refers Plaintiff to Defendant's engineering file:  See Bates 5609-5925.**

**REQUEST FOR PRODUCTION NO. 27:**
For part numbers 53822 (for this request only "Part"), please produce all documents, communications, data, videos, photographs or tangible things concerning:

a.  The design of the Part, both individually and as an overall part of the Rock Lock assembly.
b.  The shape of the Part, including without limitation any alternatives considered and the justification for the choices made.
c.  The material composition of the Part, including without limitation any alternatives considered and the justification for the composition.
d.  The manufacture of the Part, including without limitation any alternatives considered and the justification for the composition.
e.  Any vendors for the Part or its materials, including without limitation how and why the vendor was selected, contracts with the vendor, instructions to the vendor, drawings exchanged with the vendor, processes exchanged with the vendor, testing exchanged with the vendor, quality-related documents exchanged with the vendor,
    and any other documents concerning the manufacture, testing, or inspection of the Part exchanged with the vendor.
f.  All CAD files or proposed CAD files concerning to the Part; and all changes or proposed changes to the CAD file for the Part, including all justifications or substantiations for the change or proposed change.
g.  All drawings concerning the Part; and all changes or proposed changes to the drawing for the Part, including all justifications or substantiations for the change or proposed change.
h.  All processes concerning the Part; and all changes or proposed changes to the processes for the Part, including all justifications or substantiations for the change or proposed change.

15

**APP. 0072**

i.  All specifications concerning the part; and all changes or proposed changes to the specifications for the Part, including all justifications or substantiations for the change or proposed change.

j.  All tolerances concerning the Part; and all changes or proposed changes to the tolerances for the Part, including all justifications or substantiations for the change or proposed change.

k.  All changes or proposed changes to the Part, including all justifications or substantiations for the change or proposed change.

l.  All testing related to the failure of the Part or potential failure of the Part.

m.  The interaction of the Part with part numbers 53824, 53829, 53823, 52246, 52314, 52248, 52329, and 52330 or any proposed version of those parts.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Defendant refers Plaintiff to Defendant's engineering file:  See Bates 5609-5925.**

**REQUEST FOR PRODUCTION NO. 28:**
For part numbers 52246 (for this request only "Part"), please produce all documents, communications, data, videos, photographs or tangible things concerning:

a.  The design of the Part, both individually and as an overall part of the Rock Lock assembly.

b.  The shape of the Part, including without limitation any alternatives considered and the justification for the choices made.

c.  The material composition of the Part, including without limitation any alternatives considered and the justification for the composition.

d.  The manufacture of the Part, including without limitation any alternatives considered and the justification for the composition.

e.  Any vendors for the Part or its materials, including without limitation how and why the vendor was selected, contracts with the vendor, instructions to the vendor, drawings exchanged with the vendor, processes exchanged with the vendor, testing exchanged with the vendor, quality-related documents exchanged with the vendor, and any other documents concerning the manufacture, testing, or inspection of the Part exchanged with the vendor.

f.  All CAD files or proposed CAD files concerning to the Part; and all changes or proposed changes to the CAD file for the Part, including all justifications or substantiations for the change or proposed change.

g.  All drawings concerning the Part; and all changes or proposed changes to the drawing for the Part, including all justifications or substantiations for the change or proposed change.

h.  All processes concerning the Part; and all changes or proposed changes to the processes for the Part, including all justifications or substantiations for the change or proposed change.

i.  All specifications concerning the part; and all changes or proposed changes to the specifications for the Part, including all justifications or substantiations for the change or

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

proposed change.

j.  All tolerances concerning the Part; and all changes or proposed changes to the tolerances for the Part, including all justifications or substantiations for the change or proposed change.

k.  All changes or proposed changes to the Part, including all justifications or substantiations for the change or proposed change.

l.  All testing related to the failure of the Part or potential failure of the Part.

m.  The interaction of the Part with part numbers 53824, 53829, 53822, 53823, 52314, 52248, 52329, and 52330 or any proposed version of those parts.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Defendant refers Plaintiff to Defendant's engineering file: See Bates 5609-5925.**

**REQUEST FOR PRODUCTION NO. 29:**
For part numbers 52314 (for this request only "Part"), please produce all documents, communications, data, videos, photographs or tangible things concerning:

a.  The design of the Part, both individually and as an overall part of the Rock Lock assembly.

b.  The shape of the Part, including without limitation any alternatives considered and the justification for the choices made.

c.  The material composition of the Part, including without limitation any alternatives considered and the justification for the composition.

d.  The manufacture of the Part, including without limitation any alternatives considered and the justification for the composition.

e.  Any vendors for the Part or its materials, including without limitation how and why the vendor was selected, contracts with the vendor, instructions to the vendor, drawings exchanged with the vendor, processes exchanged with the vendor, testing exchanged with the vendor, quality-related documents exchanged with the vendor, and any other documents concerning the manufacture, testing, or inspection of the Part exchanged with the vendor.

f.  All CAD files or proposed CAD files concerning to the Part; and all changes or proposed changes to the CAD file for the Part, including all justifications or substantiations for the change or proposed change.

g.  All drawings concerning the Part; and all changes or proposed changes to the drawing for the Part, including all justifications or substantiations for the change or proposed change.

h.  All processes concerning the Part; and all changes or proposed changes to the processes for the Part, including all justifications or substantiations for the change or proposed change.

i.  All specifications concerning the part; and all changes or proposed changes to the specifications for the Part, including all justifications or substantiations for the change or proposed change.

j.  All tolerances concerning the Part; and all changes or proposed changes to the tolerances for the Part, including all justifications or substantiations for the change or proposed change.

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

**APP. 0074**

k.  All changes or proposed changes to the Part, including all justifications or substantiations for the change or proposed change.
l.  All testing related to the failure of the Part or potential failure of the Part.
m.  The interaction of the Part with part numbers 53824, 53829, 53823, 53822, 52246, 52248, 52329, and 52330 or any proposed version of those parts.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Defendant refers Plaintiff to Defendant's engineering file: See Bates 5609-5925.**

**REQUEST FOR PRODUCTION NO. 30:**
For part numbers 52248 (for this request only "Part"), please produce all documents, communications, data, videos, photographs or tangible things concerning:

a.  The design of the Part, both individually and as an overall part of the Rock Lock assembly.
b.  The shape of the Part, including without limitation any alternatives considered and the justification for the choices made.
c.  The material composition of the Part, including without limitation any alternatives considered and the justification for the composition.
d.  The manufacture of the Part, including without limitation any alternatives considered and the justification for the composition.
e.  Any vendors for the Part or its materials, including without limitation how and why the vendor was selected, contracts with the vendor, instructions to the vendor, drawings exchanged with the vendor, processes exchanged with the vendor, testing exchanged with the vendor, quality-related documents exchanged with the vendor, and any other documents concerning the manufacture, testing, or inspection of the Part exchanged with the vendor.
f.  All CAD files or proposed CAD files concerning to the Part; and all changes or proposed changes to the CAD file for the Part, including all justifications or substantiations for the change or proposed change.
g.  All drawings concerning the Part; and all changes or proposed changes to the drawing for the Part, including all justifications or substantiations for the change or proposed change.
h.  All processes concerning the Part; and all changes or proposed changes to the processes for the Part, including all justifications or substantiations for the change or proposed change.
i.  All specifications concerning the part; and all changes or proposed changes to the specifications for the Part, including all justifications or substantiations for the change or proposed change.
j.  All tolerances concerning the Part; and all changes or proposed changes to the tolerances for the Part, including all justifications or substantiations for the change or proposed change.
k.  All changes or proposed changes to the Part, including all justifications or substantiations for the change or proposed change.
l.  All testing related to the failure of the Part or potential failure of the Part.

18

APP. 0075

m. The interaction of the Part with part numbers 53824, 53829, 53823, 53822, 52246, 52314, 52329, and 52330 or any proposed version of those parts.

**RESPONSE:**

**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Defendant refers Plaintiff to Defendant's engineering file: See Bates 5609-5925.**

**REQUEST FOR PRODUCTION NO. 31:**

For part numbers 52329 (for this request only "Part"), please produce all documents, communications, data, videos, photographs or tangible things concerning:

a. The design of the Part, both individually and as an overall part of the Rock Lock assembly.
b. The shape of the Part, including without limitation any alternatives considered and the justification for the choices made.
c. The material composition of the Part, including without limitation any alternatives considered and the justification for the composition.
d. The manufacture of the Part, including without limitation any alternatives considered and the justification for the composition.
e. Any vendors for the Part or its materials, including without limitation how and why the vendor was selected, contracts with the vendor, instructions to the vendor, drawings exchanged with the vendor, processes exchanged with the vendor, testing exchanged with the vendor, quality-related documents exchanged with the vendor, and any other documents concerning the manufacture, testing, or inspection of the Part exchanged with the vendor.
f. All CAD files or proposed CAD files concerning the Part; and all changes or proposed changes to the CAD file for the Part, including all justifications or substantiations for the change or proposed change.
g. All drawings concerning the Part; and all changes or proposed changes to the drawing for the Part, including all justifications or substantiations for the change or proposed change.
h. All processes concerning the Part; and all changes or proposed changes to the processes for the Part, including all justifications or substantiations for the change or proposed change.
i. All specifications concerning the part; and all changes or proposed changes to the specifications for the Part, including all justifications or substantiations for the change or proposed change.
j. All tolerances concerning the Part; and all changes or proposed changes to the tolerances for the Part, including all justifications or substantiations for the change or proposed change.
k. All changes or proposed changes to the Part, including all justifications or substantiations for the change or proposed change.
l. All testing related to the failure of the Part or potential failure of the Part.
m. The interaction of the Part with part numbers 53824, 53829, 53823, 53822, 52246, 52314, 52248, and 52330 or any proposed version of those parts

19

**APP. 0076**

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Defendant refers Plaintiff to Defendant's engineering file: See Bates 5609-5925.**

**REQUEST FOR PRODUCTION NO. 32:**
For part numbers 52330 (for this request only "Part"), please produce all documents, communications, data, videos, photographs or tangible things concerning:

a. The design of the Part, both individually and as an overall part of the Rock Lock assembly.
b. The shape of the Part, including without limitation any alternatives considered and the justification for the choices made.
c. The material composition of the Part, including without limitation any alternatives considered and the justification for the composition.
d. The manufacture of the Part, including without limitation any alternatives considered and the justification for the composition.
e. Any vendors for the Part or its materials, including without limitation how and why the vendor was selected, contracts with the vendor, instructions to the vendor, drawings exchanged with the vendor, processes exchanged with the vendor, testing exchanged with the vendor, quality-related documents exchanged with the vendor, and any other documents concerning the manufacture, testing, or inspection of the Part exchanged with the vendor.
f. All CAD files or proposed CAD files concerning to the Part; and all changes or proposed changes to the CAD file for the Part, including all justifications or substantiations for the change or proposed change.
g. All drawings concerning the Part; and all changes or proposed changes to the drawing for the Part, including all justifications or substantiations for the change or proposed change.
h. All processes concerning the Part; and all changes or proposed changes to the processes for the Part, including all justifications or substantiations for the change or proposed change.
i. All specifications concerning the part; and all changes or proposed changes to the specifications for the Part, including all justifications or substantiations for the change or proposed change.
j. All tolerances concerning the Part; and all changes or proposed changes to the tolerances for the Part, including all justifications or substantiations for the change or proposed change.
k. All changes or proposed changes to the Part, including all justifications or substantiations for the change or proposed change.
l. All testing related to the failure of the Part or potential failure of the Part.
m. The interaction of the Part with part numbers 53824, 53829, 53823, 53822, 52246, 52314, 52248, and 52329 or any proposed version of those parts.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents,**

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.

**Defendant refers Plaintiff to Defendant's engineering file: See Bates 5609-5925.**

## REQUEST FOR PRODUCTION NO. 33:

Please produce all documents, communications, data, videos, photographs or tangible things concerning the following terms as they are used in your warnings and/or instructions (This request specifically covers, without limitation, the substantiation for using these terms in the warnings.):

a. Damage
b. Bent
c. Broken
d. Engaged
e. fully engaged
f. securely engaged
g. inspect
h. loose
i. missing
j. damaged
k. non-operating or nonoperating
l. worn

## RESPONSE:

**Most of the documents responsive to this Request for Production have already been produced and include the User's Manual, Warning labels, and infomercials; Defendant is unaware of any documents regarding substantiation of these terms as the terms are intended to be used with their common understanding by a reasonable person.**

## REQUEST FOR PRODUCTION NO. 34:

Please produce all documents, communications, data, videos, photographs or tangible things concerning any failure or potential failure of Scott Thompson or Dusti Thompson to obey or follow any warnings or instructions that applied to the accident ladder.

## RESPONSE:

**Defendant objects to the foregoing Request for Production insofar as it seeks documents relating to testifying experts prior to the date on which Defendant is required to disclose or designate retained testifying experts.**

**Subject to and without waiving the foregoing objection, see photos of ladder in question, the ladder in question, the User's Manual and the contents of the warning labels provided with the ladder: Bates 764-781 and 1427-2429. See also the testimony of Dusti Thompson taken in this case.**

21

**APP. 0078**

**REQUEST FOR PRODUCTION NO. 35:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning any aspect of Scott Thompson or Dusti Thompson's damages or injuries, regardless of whether the information tends to prove the existence of such damages, amounts, or injuries; or whether the information tends to disprove the existence of such damages, amounts, or injuries.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Responsive non privileged documents would include Defendant's answer (inclusive of general denial) and/or amended answer and medical or billing records obtained related to the treatment of Scott Thompson. Will supplement.**

**REQUEST FOR PRODUCTION NO. 36:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning any aspect of Plaintiff's injuries, regardless of whether the evidence tends to prove the existence of such damages or amounts or whether the evidence tends to disprove the existence of such damage or amounts.

**RESPONSE:**
**Defendant objects to Request for Production No. 36 as it is duplicative of Request for Production No. 35.    Subject to and without waiving the foregoing objection, see Defendant's objection and response to Request for Production No. 35.**

**REQUEST FOR PRODUCTION NO. 37:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning any conviction of Scott Thompson or Dusti Thompson that you intend to use in this case.

**RESPONSE:**
**Defendant objects to the foregoing Request for Production insofar as it seeks documents which are protected by the work product privilege. Documents related to any convictions of Scott Thompson are equally available to Plaintiff as they would be to Defendant as they are public records.**

**Subject to and without waiving the foregoing objections, see deposition testimony of Dusti Thompson.**

**REQUEST FOR PRODUCTION NO. 38:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning Scott Thompson or Dusti Thompson.

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

**APP. 0079**

**RESPONSE:**
**Defendant objects to the foregoing Request for Production insofar as it seeks documents which are protected by the attorney/client privilege such as attorney status reports regarding or concerning the litigation. Defendant objects to the foregoing Request for Production insofar as it seeks documents which are protected by the work product privilege. Based on the foregoing assertion of privilege, documents or material responsive to the foregoing request have been withheld. Defendant objects to the foregoing Request for Production insofar as it is vague, ambiguous and lacks specificity.**

**Subject to and without waiving the foregoing objection, see the deposition testimony of Dusti Thompson, the medical records of Scott Thompson obtained by Deposition by Written Questions, and photographs taken at the scene of the accident which evidence Scott Thompson being treated or transported by emergency medical personnel.**

**REQUEST FOR PRODUCTION NO. 39:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning the Quality Assurance Procedures that apply to or mention part numbers 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, 52330, and/or the Rock Lock assembly at any time.

**RESPONSE:**
**Defendant objects to the foregoing Request for Production insofar as it seeks documents which are protected by the attorney/client privilege. Defendant objects to the foregoing Request for Production insofar as it seeks documents which are protected by the work product privilege. Based on the foregoing assertion of privilege, documents or material responsive to the foregoing request have been withheld.**

**Defendant objects to the foregoing Request for Production insofar as it seeks documents relating to testifying experts which Defendant is not required to disclose or designate until the date(s) set forth in the Court's Amended Scheduling Order.**

**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Subject to and without waiving the foregoing objection, see Quality Control Manuals previously produced: Bates 328-396. See also, Bates 2967-3123; 5929-6385.**

**REQUEST FOR PRODUCTION NO. 40:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning any proposed Quality Assurance Procedures that would have applied to or mentioned part numbers 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, 52330, and/or the Rock Lock assembly at any time.

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

**RESPONSE:**
See Defendant's objections, assertion of privileges, instruction, and response to Request for Production No. 39 which are incorporated herein by reference as the response to this request.

**REQUEST FOR PRODUCTION NO. 41:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning any training of personnel meet the requirements of the quality program.

**RESPONSE:**
Defendant objects to the foregoing Request for Production insofar as it seeks documents which are protected by the attorney/client privilege. Defendant objects to the foregoing Request for Production insofar as it seeks documents which are protected by the work product privilege. Based on the foregoing assertion of privilege, documents or material responsive to the foregoing request have been withheld.

Defendant objects to the foregoing Request for Production insofar as it seeks documents relating to testifying experts which Defendant is not required to disclose or designate until the date(s) set forth in the Court's Amended Scheduling Order.

In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.

Without waiving the foregoing objections and subject to the same, to the extent that responsive documents exists, see bates 5927-5928 and 6353-6385.

**REQUEST FOR PRODUCTION NO. 42:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning any training of personnel to perform any quality inspections.

**RESPONSE:**
Defendant objects to the foregoing Request for Production insofar as it seeks documents which are protected by the attorney/client privilege. Defendant objects to the foregoing Request for Production insofar as it seeks documents which are protected by the work product privilege. Based on the foregoing assertion of privilege, documents or material responsive to the foregoing request have been withheld.

Defendant objects to the foregoing Request for Production insofar as it seeks documents relating to testifying experts which Defendant is not required to disclose or designate until the date(s) set forth in the Court's Amended Scheduling Order.

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.

Without waiving the foregoing objections and subject to the same, to the extent that responsive documents exists, see bates 5927-5928 and 6353-6385.

REQUEST FOR PRODUCTION NO. 43:
Please produce all documents, communications, data, videos, photographs or tangible things concerning any incoming material inspections that would have applied to any aspect of the accident ladder.

RESPONSE:
In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.

See relevant responsive non-privileged receiving inspections by date: See Bates 3029-3032 and 5929-6352.

REQUEST FOR PRODUCTION NO. 44:
Please produce all documents, communications, data, videos, photographs or tangible things concerning any in-process inspections that would have applied to any aspect of the accident ladder.

RESPONSE:
In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.

See responsive non-privileged documents previously produced: Bates 752-763.

REQUEST FOR PRODUCTION NO. 45:
Please produce all documents, communications, data, videos, photographs or tangible things concerning any final inspections that would have applied to any aspect of the accident ladder.

RESPONSE:
In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents,

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

APP. 0082

items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.

Subject to and without waiving the foregoing objection, see responsive non-privileged documents previous produced that relate to inspection of the accident ladder: Bates 142-179; 300-307.

**REQUEST FOR PRODUCTION NO. 46:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning any functional testing or product testing that would have applied to any aspect of the accident ladder.

**RESPONSE:**
In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.

Any documents that relate to product testing that would have applied to any aspect of the accident ladder have been disclosed, e.g. Bates 311-750, 3034-3112. See also, Bates 2967-3123 and 5929-6342.

**REQUEST FOR PRODUCTION NO. 47:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning any external quality audits conducted from January 1, 2008 to the present.

**RESPONSE:**
In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.

None.

**REQUEST FOR PRODUCTION NO. 48:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning any internal quality audits conducted from January 1, 2008 to the present.

**RESPONSE:**
In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident

26

of December 29, 2019.

See Bates 2967-3123.

## REQUEST FOR PRODUCTION NO. 49:
Please produce all documents, communications, data, videos, photographs or tangible things concerning any action taken to prevent non-conformities, record problems, initiate corrective actions, verify solutions, and if necessary stop processes related to part numbers 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, 52330, and/or the Rock Lock assembly at any time.

## RESPONSE:
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**See discrepant material report and QC inspections for articulated extendable ladders equipped with Rock Lock version 1.0: Bates 2967-3009. See also, Bates 5927-5928; 5929-6352; and 6353-6385.**

## REQUEST FOR PRODUCTION NO. 50:
Please produce all documents, communications, data, videos, photographs or tangible things concerning any design reviews for the Xtreme model ladder, the Rock Lock assembly, and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

## RESPONSE:
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**If any responsive non-privileged documents exist, such would be contained in the engineering file: Bates 5609-5919.**

## REQUEST FOR PRODUCTION NO. 51:
Please produce all documents, communications, data, videos, photographs or tangible things concerning any quality audits related to the Xtreme model ladder, the Rock Lock assembly, and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

## RESPONSE:
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident**

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

of December 29, 2019.

**Defendant incorporates by reference its response to request no. 48 as if set forth herein.**

<u>**REQUEST FOR PRODUCTION NO. 52:**</u>
Please produce all documents, communications, data, videos, photographs or tangible things concerning any reviews, audits, reports, or corrective plans concerning the quality system, its methodology, its application, and any feedback related to the quality system.

<u>**RESPONSE:**</u>
**Defendant objects to the foregoing Request for Production insofar as it is vague, ambiguous and lacks specificity ("quality system" and "feedback related to the quality system").**

**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Without waiving the foregoing objection and subject to the same, Defendant refers Plaintiff to the Quality Control documents already produced or produced herewith.**

<u>**REQUEST FOR PRODUCTION NO. 53:**</u>
Please produce all documents, communications, data, videos, photographs or tangible things concerning any reviews or meetings related to quality issues from January 1, 2008 to the present.

<u>**RESPONSE:**</u>
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Defendant refers Plaintiff to quality control documents previously produced or produced herewith. See also, Bates 2967-3123; 5926; 5927-5928; and/or 6353-6385.**

<u>**REQUEST FOR PRODUCTION NO. 54:**</u>
Please produce all documents, communications, data, videos, photographs or tangible things concerning the Quality Plan that applied to the accident ladder and any of its components or assemblies.

<u>**RESPONSE:**</u>
**Defendant objects to the foregoing Request for Production insofar as it is vague, ambiguous and lacks specificity ("Quality Plan").**

**In accordance with the Court's electronic order of January 19, 2022 [Document #33],**

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

**APP. 0085**

Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.

Without waiving the foregoing objection and subject to the same, the term "Quality Plan" is undefined; however, Defendant refers Plaintiff to the Quality Control documents already produced or produced herewith.   To the extent that other documents may relate to the request made by Plaintiff, see Bates 2430-2433; 2967-3123; 5927-5928; and/or 6353-6385.

### REQUEST FOR PRODUCTION NO. 55:
Please produce all documents, communications, data, videos, photographs or tangible things concerning the Change Control Signature Matrix that applied to any changes made to the Rock Lock assembly, and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

### RESPONSE:
In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.

None.

### REQUEST FOR PRODUCTION NO. 56:
Please produce all documents, communications, data, videos, photographs or tangible things concerning the processes that ensured that the purchased products meet their defined specifications and any applicable requirements, including without limitation for the Rock Lock assembly, and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

### RESPONSE:
See objections and responses to Request for Production Nos. 39 and 40 which are incorporated herein by reference.

### REQUEST FOR PRODUCTION NO. 57:
Please produce all documents, communications, data, videos, photographs or tangible things concerning the selection of the vendors, if any, for the Rock Lock assembly (versions 1.0, 2.0, and 3.0), and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

### RESPONSE:
In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

**APP. 0086**

None.

**REQUEST FOR PRODUCTION NO. 58:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning the audits of the vendors for, if any, for the Rock Lock assembly (versions 1.0, 2.0, and 3.0), and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

None.

**REQUEST FOR PRODUCTION NO. 59:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning the adequacy of the vendors for, if any, for the Rock Lock assembly (versions 1.0, 2.0, and 3.0), and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

None.

**REQUEST FOR PRODUCTION NO. 60:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning Supplier Review Meetings in which the following are discussed: the Rock Lock assembly (versions 1.0, 2.0, and 3.0), and parts 53824, 53829, 53823,   53822, 52246, 52314, 52248, 52329, and 52330.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

None.

**REQUEST FOR PRODUCTION NO. 61:**

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

**APP. 0087**

Please produce all documents, communications, data, videos, photographs or tangible things concerning Discrepant Material Report Data that relate to or discuss the Rock Lock assembly (versions 1.0, 2.0, and 3.0), and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**See discrepant material report and quality control inspections for articulated extendable ladders equipped with Rock Lock version 1.0: Bates 2967-3009.**

**REQUEST FOR PRODUCTION NO.62:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning Corrective Action Requests or Corrective and Preventative Action Requests regarding the Rock Lock assembly (versions 1.0, 2.0, and 3.0), and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**See discrepant material report and QC inspections for articulated extendable extension ladders equipped with Rock Lock version 1.0. Bates 2967-3009.**

**REQUEST FOR PRODUCTION NO. 63:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning the list of disqualified vendors.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**None.**

**REQUEST FOR PRODUCTION NO. 64:**
Please produce all documents, communications, data, videos, photographs or tangible things

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

concerning Purchase Orders that relate to or reference the Rock Lock assembly (versions 1.0, 2.0, and 3.0), and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Defendant hereby produces responsive non-privileged documents related to articulating extension ladders equipped with Rock Lock version 1.0. See Bates 5929-6352.**

**REQUEST FOR PRODUCTION NO. 65:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning the inspection of incoming materials, components, or finished goods regarding the Rock Lock assembly (versions 1.0, 2.0, and 3.0), and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**Defendant hereby produces responsive non-privileged documents related to articulating extension ladders equipped with Rock Lock version 1.0. See Bates 2430-2433; 3010-3033; 5929-6352; and 6353-6385. See also Defendant's responses to request for production nos. 44 and 45 which are incorporated herein by reference.**

**REQUEST FOR PRODUCTION NO. 66:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning any inspections that took place at the vendor's premises for vendors that are related to the Rock Lock assembly (versions 1.0, 2.0, and 3.0), and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**None.**

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

**APP. 0089**

**REQUEST FOR PRODUCTION NO. 67:**

Please produce all documents, communications, data, videos, photographs or tangible things concerning Material Review Board investigation or disposition for any Rock Lock assembly (versions 1.0, 2.0, and 3.0), and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

**RESPONSE:**

**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**None.**

**REQUEST FOR PRODUCTION NO. 68:**

Please produce all documents, communications, data, videos, photographs or tangible things concerning Receiving Inspections that find any of the following non-conforming the Rock Lock assembly (versions 1.0, 2.0, and 3.0), and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

**RESPONSE:**

**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**See responsive non-privileged documents previously produced as QC documents for articulating extension ladders equipped with Rock Lock version 1.0. To the extent that other documents may be responsive to this request, see Bates 2967-3033; 5926; and/or 5929-6352.**

**REQUEST FOR PRODUCTION NO. 69:**

Please produce all documents, communications, data, videos, photographs or tangible things concerning work done on the following parts that were found to be nonconforming the Rock Lock assembly (versions 1.0, 2.0, and 3.0), and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

**RESPONSE:**

**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

**APP. 0090**

If there are any responsive documents, see discrepant material reports produced herewith: Bates 2967-3009. To the extent that other documents may be responsive to this request, see Bates 2967-3033; 5926; and/or 5929-6352.

**REQUEST FOR PRODUCTION NO. 70:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning nonconforming material records related to the Rock Lock assembly (versions 1.0, 2.0, and 3.0), and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

If there are any responsive documents, see discrepant material reports produced herewith: Bates 2967-3009. To the extent that other documents may be responsive to this request, see Bates 2967-3033; 5926; and/or 5929-6352.

**REQUEST FOR PRODUCTION NO. 71:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning Corrective Action Requests regarding the Rock Lock assembly (versions 1.0, 2.0, and 3.0), and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

If there are any responsive documents, see discrepant material reports produced herewith: Bates 2967-3009.

**REQUEST FOR PRODUCTION NO. 72:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning service reports regarding the Rock Lock assembly (versions 1.0, 2.0, and 3.0), and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

**APP. 0091**

None.

**REQUEST FOR PRODUCTION NO. 73:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning the warehousing (including proper handling, storage, packaging, preservation, and delivery) processes related to the Rock Lock assembly (versions 1.0, 2.0, and 3.0), and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

None.

**REQUEST FOR PRODUCTION NO. 74:**
Please produce all documents, communications, data, videos, photographs or tangible things concerning training that relates to or mentions the Rock Lock assembly (versions 1.0, 2.0, and 3.0), and parts 53824, 53829, 53823, 53822, 52246, 52314, 52248, 52329, and 52330.

**RESPONSE:**
**In accordance with the Court's electronic order of January 19, 2022 [Document #33], Defendant limits its response to this Request for Production to non-privileged documents, items, or tangible things related to the Xtreme M22 ladder equipped with Rock Locks version 1.0 manufactured or purchased after December 31, 2015 and prior to the accident of December 29, 2019.**

**See documents, if any, produced in response to Request for Production Nos. 41 and 42.**

W:\WDOX\CLIENTS\2979\0002\01428184.DOCX

**APP. 0092**

# EXHIBIT "3"

| | |
|---|---|
| **Subject:** | Dusti Thompson, et. al. v. Wing Enterprises |
| **Date:** | Friday, November 11, 2022 at 10:55:00 AM Central Standard Time |
| **From:** | Jeff House |
| **To:** | rcunningham@cunninghamswaim.com, Jodi Jesser, David Denny, ssanfelippo@cunninghamswaim.com |
| **CC:** | Michael DeNuccio, Chelsea Linton, Barbara Day |
| **Attachments:** | image001.png |

Ross:

Good morning.  Attached is a link to what we believe to be the last of the documents that need to be produced under the Court's August 15, 2022 order expanding discovery.

The link is here:  https://link.edgepilot.com/s/40c50b4b/dX7VqFRLKESkK4rZiQVXvA?
u=https://www.dropbox.com/sh/qibaj8e1zpti4xz/AABg5AZ9BoId6uHBuShXYkmca?dl=0

This link contains documents produced by Wing Enterprises in other lawsuits.   We did not produce every pleading as those are online, but we did produce sufficient pleadings to allow you to identify each case, court, and the discovery responses of Wing and document production.

In addition, the link contains Warranty claims (as previously discussed, Wing Ent. uses the term warranty claims to mean something other than bodily injury so these claims will not contain any bodily injury claims).

If you have any questions, let me know.  I have to go out of town today on another matter, so I will see you in Dallas on Monday.

Have a good weekend.

Jeffrey G. House
Farmer, House, Osuna, Jackson & Olvera
411 Heimer Road
San Antonio, TX 78232
(210) 377-1990
jhouse@satx.law



*****PLEASE NOTE MY NEW EMAIL ADDRESS EFFECTIVE*

*IMMEDIATELY.  PLEASE CHANGE YOUR CONTACT INFORMATION FOR
ME TO REFLECT THIS NEW EMAIL.  THANK YOU.*****

# EXHIBIT "4"

APP. 0096

**Subject:** RE: Dusti Thompson, et. al. v. Wing Enterprises

**Date:** Wednesday, November 16, 2022 at 4:18:34 PM Central Standard Time

**From:** Michael DeNuccio

**To:** Ross Cunningham, David Denny

**CC:** Jeff House, Jodi Jesser, Steven Sanfelippo, Chelsea Linton, Barbara Day, Don Swaim

**Attachments:** image003.png, image002.png

Ross,

Due to my error, the hyperlinks to attachments were sanitized. Please see the revised set at this link.
https://link.edgepilot.com/s/b3e63a1c/rNNHCYMlZU2b_3kpvZ7ikw?
u=https://www.dropbox.com/s/haij4xfcxu79rqz/Bates%2520WE013439-013739%2520-
%2520with%2520hyperlinks.pdf?dl=0

For the range of 7830-8226, I am checking for the same issue. I will let you know.

Mike

**Michael D. DeNuccio**
Partner
Farmer, House, Osuna, Jackson & Olvera
210-477-4043 Direct
mdenuccio@satx.law

On Nov 11, 2022, at 9:00 AM, David Denny <ddenny@cunninghamswaim.com> wrote:

Hi Jeff!

Thank you for the link with the supplement.

On our initial pass through, we've noted that a number of the documents were produced
without their attachments, including without limitation WE 7830-8226, 13451, 13454, 13457,
13459, 13468, 13494, 13496, 13498, 13500 13504, 13512, 13517, 13520, 13522, 13524, 13526,
13530, 13533, 13535, 13537, 13539, 13541, 13545, 13548, 13550, 13551, 13552, 13553, 13554,
13555, 13556, 13557, 13564, 13565, 13586, 13588, 13591, 13592, 13613, 13624, 13635, 13649,
13654, 13655, 13658, 13689, 13693, 13696, 13697, 13702, 13708, 13713, 13717, 13724, 13725,
13728, 13731, 13735, 13736, 13737.

Can we get the docs produced with their attachments?

**Page 1 of 3**

Best,

David

David Denny
Cunningham Swaim, LLP
4015 Main Street, Suite 200
Dallas, TX 75226
469.729.7010 (Direct)
214.646.1495 (Main)
V-Card



---

**From:** Jeff House <jeff@satx.law>
**Date:** Friday, November 11, 2022 at 10:55 AM
**To:** Ross Cunningham <rcunningham@cunninghamswaim.com>, Jodi Jesser <jjesser@cunninghamswaim.com>, David Denny <ddenny@cunninghamswaim.com>, Steven Sanfelippo <ssanfelippo@cunninghamswaim.com>
**Cc:** Michael DeNuccio <mdenuccio@satx.law>, Chelsea Linton <clinton@satx.law>, Barbara Day <bday@satx.law>
**Subject:** Dusti Thompson, et. al. v. Wing Enterprises

Ross:

Good morning.  Attached is a link to what we believe to be the last of the documents that need to be produced under the Court's August 15, 2022 order expanding discovery.

The link is here:  https://link.edgepilot.com/s/40c50b4b/dX7VqFRLKESkK4rZiQVXvA?u=https://www.dropbox.com/sh/qibaj8e1zpti4xz/AABg5AZ9BoId6uHBuShXYkmca?dl=0

This link contains documents produced by Wing Enterprises in other lawsuits.   We did not produce every pleading as those are online, but we did produce sufficient pleadings to allow you to identify each case, court, and the discovery responses of Wing and document production.

In addition, the link contains Warranty claims (as previously discussed, Wing Ent. uses the term warranty claims to mean something other than bodily injury so these claims will not contain any bodily injury claims).

If you have any questions, let me know.  I have to go out of town today on another matter, so I will see you in Dallas on Monday.

Have a good weekend.

**Page 2 of 3**

**APP. 0098**

Jeffrey G. House
Farmer, House, Osuna, Jackson & Olvera
411 Heimer Road
San Antonio, TX 78232
(210) 377-1990
jhouse@satx.law



*****PLEASE NOTE MY NEW EMAIL ADDRESS EFFECTIVE
IMMEDIATELY.  PLEASE CHANGE YOUR CONTACT
INFORMATION FOR ME TO REFLECT THIS NEW EMAIL.  THANK
YOU.*****

**APP. 0099**

# EXHIBIT "5"

**From: Ross Cunningham** rcunningham@cunninghamswaim.com 📎
**Subject:** Thompson v. Wing
**Date:** November 23, 2022 at 11:47 AM
**To:** Jeff House jeff@satx.law, Michael DeNuccio mdenuccio@satx.law, Chelsea Linton clinton@satx.law, Barbara Day bday@satx.law
**Cc:** David Denny ddenny@cunninghamswaim.com, Steven Sanfelippo ssanfelippo@cunninghamswaim.com, Jodi Jesser jjesser@cunninghamswaim.com, Alex K. Silvola asilvola@cunninghamswaim.com, Joseph R. Alexander, Jr. joe@cunninghamswaim.com

Jeff,

Now that we have the new Scheduling Order in place, it is time we turn our focus to proper discovery responses from Wing. I know you will be interviewing and selecting an ESI vendor in the near future, but while that process works itself out we need fully supplemented/amended responses for the existing RFPs that point us to precise bates-numbered documents for each discrete RFP. Please confirm by November 29, 2022 that we will have complete supplemented/amended responses no later than December 16, 2022. If you cannot or will not commit to this schedule then we will file a Motion to Compel with the Court. Judge Lindsay has made it abundantly clear that we must pursue discovery against Wing with utmost diligence, so we intend to do so.

Thank you,

-Ross


Ross Cunningham
Cunningham Swaim, LLP
4015 Main Street, Suite 200
Dallas, TX 75226
469.729.7000 (Direct)
214.868.3438 (Mobile)
214.646.1495 (Main)
V-Card



# EXHIBIT "6"

**From:** **Ross Cunningham** rcunningham@cunninghamswaim.com 📎
**Subject:** Re: Dusti Thompson v. Wing Enterprises
**Date:** November 27, 2022 at 11:18 PM
  **To:** Jeff House jeff@satx.law, Barbara Day bday@satx.law, Michael DeNuccio mdenuccio@satx.law, Chelsea Linton clinton@satx.law
  **Cc:** David Denny ddenny@cunninghamswaim.com, Jodi Jesser jjesser@cunninghamswaim.com, Steven Sanfelippo ssanfelippo@cunninghamswaim.com, Joseph R. Alexander, Jr. joe@cunninghamswaim.com, Alex K. Silvola asilvola@cunninghamswaim.com

RC

---

Jeff,

Based on our initial review of the few drawings that we have been provided, it would appear that the following individuals are the minimum relevant engineering custodians that we expect to see included in the email and document search (full names are given when found).  We assume there are many more, but Judge Lindsay instructed us to pursue discovery with diligence so this is our best effort to assist Wing with discharging its obligation.

Thank you,

-Ross Cunningham


Ross Cunningham
Cunningham Swaim, LLP
4015 Main Street, Suite 200
Dallas, TX 75226
469.729.7000 (Direct)
214.868.3438 (Mobile)
214.646.1495 (Main)
V-Card



---

**From:** Jeff House <jeff@satx.law>
**Date:** Friday, November 18, 2022 at 5:52 PM
**To:** Ross Cunningham <rcunningham@cunninghamswaim.com>
**Cc:** David Denny <ddenny@cunninghamswaim.com>, Jodi Jesser <jjesser@cunninghamswaim.com>, Steven Sanfelippo <ssanfelippo@cunninghamswaim.com>, Joseph R. Alexander, Jr. <joe@cunninghamswaim.com>, Michael DeNuccio <mdenuccio@satx.law>, Chelsea Linton <clinton@satx.law>, Barbara Day <bday@satx.law>
**Subject:** Re: Dusti Thompson v. Wing Enterprises

We have done a couple of limited searches and have an idea of size of some files but not all

Jeff House
Sent from my iPhone-please excuse my brevity and unintentional typos or auto-corrected text.

On Nov 18, 2022, at 5:20 PM, Ross Cunningh

On Nov 18, 2022, at 5:30 PM, Ross Cunningham
<rcunningham@cunninghamswaim.com> wrote:


I'm kind of curious as to how Wing knows this will be a huge project when
they haven't even started scoping it out yet.  I guess we will see what comes.


Ross Cunningham
Cunningham Swaim, LLP
4015 Main Street, Suite 200
Dallas, TX 75226
469.729.7000 (Direct)
214.868.3438 (Mobile)
214.646.1495 (Main)
V-Card



---

**From:** Jeff House <jeff@satx.law>
**Date:** Friday, November 18, 2022 at 4:38 PM
**To:** Ross Cunningham <rcunningham@cunninghamswaim.com>
**Cc:** David Denny <ddenny@cunninghamswaim.com>, Jodi Jesser
<jjesser@cunninghamswaim.com>, Steven Sanfelippo
<ssanfelippo@cunninghamswaim.com>, Joseph R. Alexander, Jr.
<joe@cunninghamswaim.com>, Michael DeNuccio
<mdenuccio@satx.law>, Chelsea Linton <clinton@satx.law>, Barbara
Day <bday@satx.law>
**Subject:** Re: Dusti Thompson v. Wing Enterprises

I'm hiring an electronic discovery company Monday.   I need the 90 days.  I
am hopeful that will be sufficient.

Jeff House
Sent from my iPhone-please excuse my brevity and unintentional typos or
auto-corrected text.



On Nov 18, 2022, at 4:28 PM, Ross Cunningham
<rcunningham@cunninghamswaim.com> wrote:


We can agree to this at this time.  Whether we need to expand
this at a later date will be determined by what is produced.  When
can you guarantee that ALL responsive documents will be
produced so we can inform the judge?

Thanks,

Ross

-Ross

On Nov 18, 2022, at 12:37 PM, Jeff House
<jeff@satx.law> wrote:

Mr. Cunningham:

In response to your email below, your request
seems to, for the first time, seek to expand
discovery to ladders which were not included
in the Court's order to which my client does
not agree.   My client will agree to the
following with respect to the document
production based on your representation to the
court that the issues related to the ladder
included or may include: 1) Rock Lock
version 1.0; 2) the outer channel dimensions
and tolerances; and 3) the back brace and the
welds associated with the back brace.
Overlaid with the Court's order of August 15,
2022, my client is willing to produce emails
and documents related to the specific 41 part
numbers (identified by Wing Enterprises in
the list forwarded to you last night) related to
the areas of concern you identified as being at
issue for the ladder in question as well as any
design and design revision documents related
to all articulating extendable ladders utilizing
either Rock Lock version 1 or 2 for the time
period 2007 through the date of the accident,
and emails originating from or going to the
Engineering or Quality Control Departments
related to those ladders.   To be clear, the
Court's order did not require and Defendant
does not agree to expand discovery to "all
models in the Wing family" as you set forth in
your email below.

**APP. 0105**

Further, Defendant will agree that Plaintiff does not waive or relinquish the right to seek additional part numbers, parts, part names and ladder components; individual custodians (past or present); and departments within Wing Enterprises, in the future on a good faith basis and not solely to increase the cost of litigation for Defendant.

Please advise if you are agreeable to this compromise on the document production. Thank you. Safe travels.

Jeffrey G. House
Farmer, House, Osuna, Jackson & Olvera
411 Heimer Road
San Antonio, TX 78232
(210) 377-1990
jhouse@satx.law

<image002.png>

*****PLEASE NOTE MY NEW EMAIL ADDRESS EFFECTIVE IMMEDIATELY. PLEASE CHANGE YOUR CONTACT INFORMATION FOR ME TO REFLECT THIS NEW EMAIL.  THANK YOU.*****

**From:** Ross Cunningham <rcunningham@cunninghamswaim.com>
**Sent:** Thursday, November 17, 2022 7:38 PM
**To:** Jeff House <jeff@satx.law>; David Denny <ddenny@cunninghamswaim.com>; Jodi Jesser <jjesser@cunninghamswaim.com>; Steven Sanfelippo <ssanfelippo@cunninghamswaim.com>; Joseph R. Alexander, Jr. <joe@cunninghamswaim.com>
**Cc:** Michael DeNuccio <mdenuccio@satx.law>; Chelsea Linton <clinton@satx.law>; Barbara Day <bday@satx.law>
**Subject:** Re: Dusti Thompson v. Wing Enterprises

Jeff,

APP. 0106

Jeff,

Per our agreement on the phone tonight, plaintiff will agree to this limitation for now, subject to your agreement that plaintiff does not waive or relinquish the right to seek additional part numbers, parts, part names and ladder components; individual custodians (past or present); and departments within Wing Enterprises, in the future.

Furthermore, I cannot tell from this stripped-down list if these are parts/part numbers for all model ladders across the Wing product offering or just the accident ladder model. Our request seeks the general areas you describe (rock lock, outer channel, back brace, all welds) for all models in the Wing family and not just the accident model. If this list is for all model ladders, then we can agree to this list for now, subject to our right to expand the list (in good faith) in the future.

Thanks,

-Ross

Ross Cunningham
Cunningham Swaim, LLP
4015 Main Street, Suite 200
Dallas, TX 75226                    <image003.png>
469.729.7000 (Direct)
214.868.3438 (Mobile)
214.646.1495 (Main)
V-Card

---

**From:** Jeff House <jeff@satx.law>
**Date:** Thursday, November 17, 2022 at 6:55 PM
**To:** Ross Cunningham <rcunningham@cunninghamswaim.com>, David Denny <ddenny@cunninghamswaim.com>, Jodi Jesser <jjesser@cunninghamswaim.com>, Steven Sanfelippo <ssanfelippo@cunninghamswaim.com>
**Cc:** Michael DeNuccio <mdenuccio@satx.law>, Chelsea Linton <clinton@satx.law>, Barbara Day <bday@satx.law>
**Subject:** Dusti Thompson v. Wing Enterprises

Ross:

Ross.

Per our conversation this evening, Defendant has requested that Plaintiff limit its discovery to the three (3) areas of the ladder which you advised the Judge at the hearing on Monday, November 14, 2022 were the crux of Plaintiff's case: 1) the Rock Lock version 1.0; 2) the outer channel dimensions and tolerances; and 3) the back brace and related welds. You have sent us two charts containing product part numbers for which you would like Defendant to search all categories of documents that might contain or reference these part numbers. The second chart had 32 categories of documents and over 150+ sub-part numbers.

Attached hereto is a list of unique part numbers which my client has culled from the list you forwarded to me. It is the position of Defendant that these 41 unique part numbers relate to the three (3) categories of deficiency or defect alleged by the Plaintiff. If Plaintiff is willing to limit its discovery to the part numbers on the attached list, Defendant will agree to undergo the time, costs and expense of a search back to 2007 for all documents and emails originating to or from the Engineering and/or Quality Control departments (the QC department would include test data per my understanding).

Please review and advise. Thank you.

Jeffrey G. House
Farmer, House, Osuna, Jackson & Olvera
411 Heimer Road
San Antonio, Texas 78232

APP. 0109

(210) 377-1990
Fax (210) 377-1065
jhouse@satx.law
*PLEASE MAKE NOTE OF MY NEW*
*EMAIL ADDRESS EFFECTIVE*
*IMMEDIATELY*



Little Giant
Engineers.pdf

| First Name | Last Name | Initials |
|---|---|---|
|  |  |  |
| Aaron | Major | AM |
| Ben | Cook | BC |
| Brian | Russell | BR |
| Brian | Wright | BMW |
| Chris | Williamson | CBW |
| Christian | Smith | CLS |
| Patrick | Lewis | PKL |
| Ryan | Crawford | RJC |
| Scott | Maxfield | BSM |
| Sean | Peterson | SRP |
| Steve | Puertas | SLP |
| Wally | Day | WD |
| J | Hema |  |
| K | Jones |  |
|  |  | CWJ |
|  |  | DAF |
|  |  | JW |
|  |  | JWB |
|  |  | KCC |
|  |  | TFA |

# EXHIBIT "7"

**From:** **Ross Cunningham** rcunningham@cunninghamswaim.com  📎
**Subject:** Dusti Thompson, et. al. v. Wing Enterprises, Inc.
**Date:** November 30, 2022 at 1:29 PM
**To:** Jeff House jeff@satx.law, Chelsea Linton clinton@satx.law
**Cc:** Jodi Jesser jjesser@cunninghamswaim.com, David Denny ddenny@cunninghamswaim.com, Steven Sanfelippo
ssanfelippo@cunninghamswaim.com, Bryan S. David bdavid@cunninghamswaim.com, Alex K. Silvola
asilvola@cunninghamswaim.com

RC

Jeff,

Please see the attached meet-and-confer letter.

Thank you,

-Ross Cunningham

Ross Cunningham
Cunningham Swaim, LLP
4015 Main Street, Suite 200
Dallas, TX 75226
469.729.7000 (Direct)
214.868.3438 (Mobile)
214.646.1495 (Main)
V-Card





Thompson v.
Wing -...0).pdf



CUNNINGHAM SWAIM

---

| 4015 Main Street, Suite 200 | **M. Ross Cunningham** | Phone: | 214.646.1495 |
| Dallas, Texas 75226 | rcunningham@cunninghamswaim.com | Facsimile: | 214.613.1163 |

November 30, 2022

Mr. Jeffrey G. House                                        *via email:* _jhouse@satx.law_
Farmer, House, Osuna, Jackson & Olvera
411 Heimer Road
San Antonio, Texas 78232
Phone: 210-377-1990

      Re:    *Dusti Thompson, et. al. v. Wing Enterprises, Inc.*

Dear Mr. House:

Please accept this letter as our formal meet-and-confer with you regarding discovery deficiencies. We believe that Defendant's discovery responses contain inappropriate objections, did not include all relevant documents in Defendant's possession, ignored some requests, and remain intentionally ambiguous with respect to matching the produced documents with the appropriate response. As a result, we ask that Defendant fully supplement its responses, providing specific bates-stamp correlation that matches the documents that have been provided for each discrete response.

## I.    **The Discovery at Issue:**

On November 17, 2020, Plaintiff served Defendant with its First Request for Production. Plaintiff later served her Second Request for Production of Documents on December 9, 2021.

Defendant's Responses and Objections to Plaintiff's First Request for Production were served on January 11, 2021, and Defendant's Responses and Objections to Plaintiff's Second Request for Production were served on February 7, 2022. Defendant served two emails to Plaintiff, on November 11 & 16, 2022, to supplement what is assumed to be all pending requests. The November 11 & 16, 2022 links contain almost 14,000 pages without specifying which documents are responsive to any particular request.

We have identified three broad categories of issues with Defendant's responses to Plaintiff's discovery requests: (1) Defendant's 14,000 pages of 'supplemental response' do not specify which documents are responsive to any particular request; (2) Objections and limitations were provided that are no longer appropriate; and (3) Defendant has not confirmed that responses are fully completed.

Mr. Jeffrey G. House
November 30, 2022
Page 2

### 1.    Specificity Required as to Which Documents are Responsive to Particular Requests

On November 11, 2022, Defendant provided a link with 13,601 pages of documents.  Defendant did not specify which request(s) these documents are responsive to.  Shortly thereafter, Defendant sent another link, with an additional 300 pages of 'responsive documents' to Plaintiff.  Defendant, again, did not state with specificity which documents are responsive to any request.

 "[D]ocuments should be organized and categorized in a manner that would make the material responsive to Requests for Production to include Bates Stamps to sufficiently identify which documents(s) are responsive to which request(s)." *Ross v. Dejarnetti*, No. CV 18-11277, 2020 WL 12846846, at *3 (E.D. La. May 27, 2020). See e.g. *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 510 (N.D. Tex. 2016) (Where the court requires, by Order, that the Defendants fully respond by producing all responsive documents and list specific bates ranges to each specific request).

Federal Rule of Civil Procedure 34 states that a party responding to a request for the production of documents has the responsibility to provide meaningful responses to the requests for production, and that party has the responsibility to review voluminous documents to identify those that are responsive to specific requests. *Orchestrate HR, Inc*., 178 F. Supp. 3d 510 (citing Fed. R. Civ. P. 34). Accordingly, please supplement your responses by matching the appropriate bates-ranges to the responses and continue to do so going forward.

### 2.    Objections Stated Without Further Response Need to be Supplemented

Defendant lodged objections, but provided no response to the following:

- Plaintiff's First Request for Production, Nos. 1-5, 7-9, 46-47, and 87-88; and
- Plaintiff's Second Set of Requests for Production, Nos. 14 and 56.

Defendants have also refused to produce documents without a negotiated agreement to limit the scope of discovery or "narrow" the given request for the following:

- Plaintiff's First Request for Production, Nos. 14, 39, 40, 42, and 45.

In addition to the request for limiting the scope of discovery, Defendant's responses to the following expressly limited the response per an Order that no longer exists by providing no documents whatsoever:

- Plaintiff's Second Set of Requests for Production, Nos. 10, 11, 13, 21, 23, 47, 55, 57, 58, 59, 60, 63, 66, 67, 72, and 73.

Defendants were required, per the Court's August 15, 2022 Order, to produce documents that were previously limited by the Magistrate's Recommendation.  Furthermore, Defendant's request to narrow and limit the scope of discovery were invalidated by the Court during our November 14, 2022 hearing. Defendant has not provided any of the above-referenced documents to-date.

**APP. 0114**

Mr. Jeffrey G. House
November 30, 2022
Page 3

Further, "boilerplate or unsupported objections – even when asserted in response to a specific discovery request and not as part of a general list of generic objections preceding any responses to specific discovery requests – are … improper and ineffective and may rise (or fall) to the level of what the Fifth Circuit has described as 'an all-too-common example of the sort of 'Rambo tactics' that have brought disrepute upon attorneys and the legal system.'" *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 581 (N.D. Tex. 2018). As such, please produce all documents which are responsive to the listed requests and supplemental responses, identifying by bates-number, which request they are responsive to.

### 3.     Confirmation of Fully Completed Responses

In response to Plaintiff's First Set of Requests for Production, Defendant referenced a "Tab" with a blank designation making it impossible to determine what documents are supposedly responsive:

- Plaintiff's First Request for Production, Nos. 11-13, 15, 16, 18-19, 21-28, 30, 32-34, 36-37, 41, 43-44, 49-60, 64-35, 69-83, and 86.

We are requesting that this issue be remedied and that any responsive documents be identified by precise bates-numbers.

Further, in response to Plaintiff's Second Set of Requests for Production, Defendant referred to bates numbers in its response (or indicated no documents) but limited the scope of the response based on the now-overturned Magistrate's Recommendation:

- Plaintiff's Second Set of Requests for Production, Nos. 3-9, 12, 15-18, 20, 22, 24-32, 34, 37-46, 48-54, 61-62, 64-65, 68-71, and 74.

At present, post-ruling on the Magistrate's Recommendation, it is impossible for us to determine whether the response was complete at the time of the original response, whether it has been supplemented, or whether it needs to be supplemented. We are demanding supplemental responses that clarify the state of the response and what the responsive documents are by precise bates-numbers.

Defendant stated that it would supplement the following responses:

- Plaintiff's First Request for Production, Nos. 15, 35, and 85; and
- Plaintiff's Second Set of Requests for Production, Nos. 35-36.

Please supplement the referenced responses or confirm that there are no additional responsive documents in Defendant's possession.

Mr. Jeffrey G. House
November 30, 2022
Page 4

Moreover, Defendant stated that no documents were responsive and/or that Defendant was unable to locate responsive documents for the following, but Defendant claimed either that a narrowed scope of discovery needed to be negotiated or that the Magistrate's Order limited the scope of relevant and responsive discovery had narrowed the scope of discovery:

- Plaintiff's First Request for Production, Nos. 17, 21, 35, 38, 61-63, 66-68, 84, and 88; and
- Plaintiff's Second Set of Requests for Production, No. 19.

We believe that the recent rulings on the scope of discovery moot whatever concerns were expressed in these objections. As such, we are requesting supplemental responses that remove moot objections and clarify the state of the response and what documents are responsive.

Further, given that Defendant later produced almost 14,000 documents, discovery is ongoing, and Defendant's counsel has reiterated that a search for documents is continuing, please confirm that there are no responsive documents to the preceding requests. Or, in the alternative, please supplement the responses to reflect any newly discovered responsive documents.

Lastly, we kindly ask that you advise whether Defendant's supplemented documents are complete, or if we should expect to see additional documents in the near future. You ignored my request on November 23, 2022 that you confirm by November 29, 2022 that fully-supplemented responses would be completed no later than December 16, 2022. This is our final attempt to coordinate this discovery supplementation in a cooperative manner. We will file a Motion to Compel to seek the Court's assistance if we cannot reach agreement.

Sincerely,

Ross Cunningham