IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DUSTI THOMPSON, Individually and on Behalf of the Estate of Scott Thompson Deceased and on Behalf of all Wrongful Death Beneficiaries,<br>            Plaintiff,<br>    v.<br>WING ENTERPRISES, INC. d/b/a Little Giant Ladders,<br>            Defendant. | No. 3:20-cv-2170-L |

## **MEMORANDUM OPINION AND ORDER**

### Background

Plaintiff Dusti Thompson filed a Motion to Compel, *see* Dkt. No. 52 (the "MTC"), which United States District Judge Sam A. Lindsay referred to the undersigned United States magistrate judge for a hearing, if necessary, and determination under 28 U.S.C. § 636(b), *see* Dkt. No. 54.

The Court granted the MTC and explained that,

[f]or the reasons that Thompson persuasively explains, see Dkt. No. 57 at 3-5, the Court orders [Defendant Wing Enterprises, Inc. d/b/a Little Giant Ladders] to – by Tuesday, February 21, 2023 – serve on Thompson's counsel further amended responses and objections to Plaintiff's First Request for Production and to Plaintiff's Second Set of Requests for Production, which amended responses and objection must (1) comply with Federal Rule of Civil Procedure 34(b)'s requirements, as laid out in VeroBlue Farms USA Inc. v. Wulf, ___ F.R.D. ___, No. 3:19-cv-764-X, 2021 WL 5176839, at *6-*9 (N.D. Tex. Nov. 8, 2021), and Lopez v. Don Herring Ltd., 327 F.R.D. 567, 575-79 (N.D. Tex. 2018) – including in response to Plaintiff's First Request for Production No. 47, as discussed below – and (2) (a) state Wing Enterprises's current response, and only its current response, to each of Plaintiff's requests and (b) withdraw and omit any objections or limitations that are based on the

-1-

set-aside portions of the undersigned's Electronic Order [Dkt. No. 33] as described above – which objections and limitations are overruled based on Judge Lindsay's August 15, 2022 [Dkt. No. 44] Order.

….

Federal Rule of Civil Procedure 37(a)(5)(A) requires the Court to order payment of the movant's reasonable expenses in making a motion to compel, including payment of attorneys' fees, when a motion to compel is granted. See Fed. R. Civ. P. 37(a)(5)(A). But Rule 37(a)(5)(A) also requires the Court must give Wing Enterprises an opportunity to be heard as to an award of fees and expenses and provides three exceptions under which the Court must not order payment of the movant's fees and expenses. See Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

The Court finds that Thompson filed her MTC only after attempting to obtain the discovery requests at issue without court action, as the MTC and its supporting exhibits show.

But the Court will grant Wing Enterprises an opportunity to, by Monday, February 27, 2023, file a response describing why the Court should not award expenses under Rule 37(a)(5)(A) – specifically, requiring Wing Enterprises and/or its counsel pay Thompson the reasonable attorneys' fees and costs incurred in preparing and filing her MTC and reply and appendices in support – by fully discussing whether either of the other two exceptions applies.

If Wing Enterprises files a response, Thompson may, by Monday, March 20, 2023, file a reply in support of an award under Rule 37(a)(5)(A), which reply must be limited to addressing whether any exception under 37(a)(5)(A)(i)-(iii) should preclude an award of expenses. The reply need not and should not include any affidavits or declarations supporting a lodestar determination for a fee award. If, based on this response and reply, the Court determines to award expenses, the Court will issue a separate order directing the filing of materials to determine the amount of any award.

Dkt. No. 59.

In their response, Wing Enterprises opposes an award of fees under Rule 37(a)(5)(A), arguing that

> Defendant was substantially justified in the objections and responses it made in response to Plaintiff's discovery requests prior to the filing of, and Order granting, Plaintiff's Motion to Compel.
> Initially, Plaintiff's requests for production (approximately 185 separate requests) were drafted in the broadest fashion possible in an

effort to capture any document that might reasonably relate to the core aspect of each request. Additionally, with some limited exceptions related to particular requests, Plaintiff's discovery requests were unbounded by time until the parties entered into a Stipulation (Document 49) and subsequent incorporation of the Stipulation into the Court's Fourth Amended Scheduling Order (Document 50) on or about November 23, 2022. Prior thereto, Defendant's objections were appropriate wherein Plaintiff's request were unbounded in scope and time.

Once the parties entered into a Stipulation (Document 49) on November 21, 2022 pursuant to Federal Rule of Civil Procedure 29, the scope of Plaintiff's discovery requests was clear and Defendant's discovery obligations were equally clear. The Stipulation set forth that the supplementation of documents would be done on or before February 21, 2023. This Stipulation was incorporated into the Fourth Amended Scheduling Order (Document 50), which was entered into an order by District Judge Lindsay on November 23, 2022.

The Defendant did not fail to amend its discovery responses by the deadline of February 21, 2023, which had been set forth in the Stipulation (Document 49) and Fourth Amended Scheduling Order (Document 50). Defendant fully intended to (and ultimately did) comply with this Court ordered deadline (see Document 50) prior to Plaintiff's decision to prematurely file her Motion to Compel, which, in turn, required an additional response by Defendant prior to the court ordered deadline of February 21, 2023. In fact, on February 15, 2023, Defendant served amended responses to Plaintiff's First, Second, Fourth, and Fifth Requests for Production to Plaintiff's counsel. Unfortunately, before Defendant was able to serve its amended responses, which it had been preparing in a timely manner, the Court, on February 6, 2023, issued its Order Granting Plaintiff Dusti Thompson's Motion to Compel (Document 59).

The Defendant was substantially justified in relying on the discovery Stipulation (Document 49) and the Court ordered deadline (Document 50) to supplement its discovery responses and produce documents responsive to Plaintiff's 185 requests for production propounded thus far. The Defendant should not be punished due to the Plaintiff's decision to prematurely file her Motion to Compel in an effort to distract Defendant from compliance with the Court's prior order requiring production on February 21, 2023.

The number of discovery requests made by Plaintiff also serves to demonstrate that Defendant was substantially justified in its actions. Across Plaintiff's First Request for Production and Plaintiff's Second Set of Requests for Production are 162 discovery requests. While not

included as part of the Order Granting Plaintiff's Motion to Compel, it should be further noted that Plaintiff has also served Third, Fourth, and Fifth Requests for Production upon the Defendant. Collectively, Defendant was required to respond to a total of 185 requests for production. The extremely large number of production requests made by Plaintiff have further been phrased very broadly, with each encompassing many documents, and most included no limitation on the scope or the time span of the production. Only after the Stipulation (Document 49) was agreed upon by the parties was the scope and duration of discovery clear.

      Each of these discovery requests has involved significant document review to locate responsive documents and even further substantial review and analysis to determine all of the separate 185 requests to which each document might be responsive. In fact, the Defendant had already produced over 44,500 pages of documents prior to Plaintiff filing her Motion to Compel. Defendant has since produced over 43,000 pages of additional documents as part of its amended responses. The efforts to properly filter through these tens of thousands of documents have been quite monumental. Numerous employees of Wing Enterprises and defense counsel have collectively spent hundreds, if not thousands, of hours attempting to find and review documents that would be responsive to Plaintiff's requests, and to specifically identify each and all of the separate 185 requests to which each document would be responsive. Defendant's counsel has had to assign four attorneys to assist with this review process, taking them away from other equally pressing matters. Defendant has even had to hire a third-party electronic discovery vendor at great costs to assist in identifying, sorting, organizing, categorizing, and producing the additional documents that were responsive to Plaintiff's burdensome requests. The sheer number of documents that Defendant has had to produce in order to respond to Plaintiff's very broad and over-encompassing discovery requests only serves to further establish that Defendant's action were substantially justified.

      The Defendant had previously attempted to respond to Plaintiff's discovery responses in good faith and made numerous efforts to timely and regularly supplement its responses in an effort to forward documents to Plaintiff as soon as reasonably possible. Defendant served thousands of additional documents in April 2022 (Bates 06386-06457), September 2022 (Bates 06458-08346), and October 2022 (Bates 08347-13438). Defendant also provided a link to additional documents in November 2022, which was acknowledged by Plaintiff in her Motion to Compel (Document 52). In her Motion to Compel, Plaintiff stated that

"Defendant sent two emails to Plaintiff, on November 11 & 16, 2022 […] [containing] roughly 14,000 random pages" (Document 52).

While the Magistrate's Order suggests that this process may have been imperfect, these attempts to supplement still serve to demonstrate that Defendant made good faith efforts to provide the Plaintiff with documents responsive to its discovery request as soon as reasonably possible.

….

The award of fees against Wing Enterprises would be unjust due to circumstances particular to this case, mainly, the unexpected overturning of the original discovery order. To penalize the Defendant for an unexpected change to the scope of discovery would be inherently unjust.

On January 19, 2022, Magistrate Judge Horan entered an Electronic Order (Document 33) in which discovery was limited to "the Xtreme M22 ladder or Rock Locks version 1.0 manufactured or purchased prior to the date of the accident (December 29, 2019), but after December 31, 2015." This Order, however, was overturned on August 15, 2022 by District Judge Sam A. Lindsay (Document 44). In overturning the January Order, Judge Lindsay ordered that Plaintiff was entitled to discovery regarding other models of ladders, other Rock Lock versions, and greatly expanded the time period for which discovery was available (no time limitation was included by the Court in its Order overruling the electronic order of the Magistrate Judge). The overturning of the original discovery order significantly enlarged the scope of documents that Wing Enterprises was now responsible for producing. Only after a hearing on November 14, 2022 wherein Judge Lindsay encouraged the parties to clearly detail the overall scope and duration of discovery and the parties subsequent entry into a Stipulation (Document 49) did the scope of discovery become finalized and clear. Thereafter, Defendant set about to dutifully review an produce all responsive documents in a diligent fashion.

As discussed above, this increased burden due to the enlarged scope of discovery is readily quantifiable. Tens of thousands of additional documents had to be, and have been, produced as a result of the changes to the discovery order. The immense amount of time, manpower, and expense needed to go through these documents was not something that the Defendant had contemplated prior to the overturning of the original discovery order. Simply put, Defendant and those working for Defendant were required to search for documents from 2007 through the end of 2019 that were responsive to 185 extremely broad requests for production, and then further detail and assess which of the 85,514 documents to be produced were responsive to each of the

185 requests. Those efforts were detailed earlier in this Response and such arguments are incorporated herein by reference.

This task has now been accomplished in a timely fashion in accordance with the Court's order (Document 50). As such, the imposition of attorneys' fees against the Defendant would be unjust.

Dkt. No. 62 at 3-7 (cleaned up).

Wing Enterprises contends that "[t]his is not a case that warrants an award of expenses under Federal Rule of Civil Procedure 37(a)(5)(A)," where "Defendant's discovery responses were substantially justified at the time Plaintiff's Motion to Compel was filed, and the circumstances surrounding the overturning of the original discovery order would make it unjust for the Court to award the Plaintiff attorneys' fees and expenses." *Id.* at 8.

And Wing Enterprises asserts that Thompson "is not entitled to an award of attorneys' fees" and that the Court should "rule that each party shall bear its own expenses." *Id.*

In reply, Thompson asserts that,

[a]t an in-person hearing in November 2022, this Court directed the parties to complete discovery and that any further delays would viewed with disfavor. To comply with this directive, Plaintiff attempted to review Defendant's document production, but Defendant's responses failed to comply with the most basic requirements of the Federal Rules, specifically Rule 34. Plaintiff's counsel reached out to confer with Defendant multiple times. But Defendant's counsel elected not to respond at all, not even to disagree.

Having no other choice, Plaintiff filed her motion to compel. Plaintiff requested that this Court compel Defendant to: (1) comply with FRPC 34; and (2) remove repeatedly reasserted objections based on an overruled discovery Order. This Court granted Plaintiff's Motion and ordered Defendant to explain why fees should not be imposed pursuant to FRCP 34.

….

As to the first exception – whether Plaintiff failed to make a good-faith attempt to avoid the need for this Court intervention – Defendant concedes that that this exception does not apply. [Response, Dkt. 62, at 2.] But after making this concession, for some reason, Defendant suggests that its failure to confer should be considered in the context of the Fourth Amended Scheduling Order, Dkt. 50, and the incorporated stipulation for that Order, which Defendant contends "set a deadline by which Defendant was to respond to Plaintiff's discovery requests and produce documents." [Response, Dkt. 62, at 2.]

Setting aside the issue of whether it is ever justifiable for counsel to refuse attempts to confer, this argument misses the mark. The deadline in the Fourth Amended Scheduling Order related to the requirement for a future supplemental production of documents by Defendant. Plaintiff's Motion to Compel, and this Court's Order, related to Defendant's failure to provide proper responses for already-produced documents. These, of course, are not the same thing. And Defendant knew full well that Plaintiff was compelling responses to already produced documents because Defendant provided amended responses for its previously produced documents, stating that they "address[ed]" Plaintiff's concerns. [MTC Response, Dkt. 55, at 7; Appx. ISO MTC Response, Dkt. 56, at pages 59 to 157.] Even so, this attempted distraction has no bearing on Defendant's failure to confer. This Court should find that the first exception of Rule 37 does not apply.

….

As to the second exception – whether Defendant's position was substantially justified – Defendant's arguments similarly miss the mark. To argue that its position was substantially justified, Defendant again argues that the Motion to Compel related to a future supplemental production of documents [Response, Dkt. 62, at 2.] But, as noted previously, this had nothing to do with Defendant's failure to provide Rule34-compliant responses for already produced documents. Because Defendant's arguments do not justify its failure to properly provide Rule-34 compliant responses, this Court should find that the second exception in Rule 37 does not apply.

….

As to the final exception – that an award of sanctions would be unjust – Defendant's argument is untenable. Instead of simply admitting that it failed to comply with its obligations under the rules, and that it ignored counsel's efforts to resolve its failure to comply without Court intervention, Defendant continues to argue that the Motion to Compel was about a future event that had not yet happened instead of its past failure to provide proper, Rule-34-compliant

> responses. This alone is sufficient to find that the third exception does not apply.
>
> However, Defendant also argues that a fees-award would be unjust because this Court's decision to overturn the prior discovery order by this Court was "unexpected." [Response, Dkt. 62, at 9.] But the Order was overturned on August 15, 2022, and the at-issue motion to compel was filed over 4 months later on December 29, 2022 after multiple attempts by plaintiff's counsel to meet-and-confer. [Order, Dkt. 44; MTC, Dkt. 52.] Defendant does not explain why it took 4 months before it complied with its obligations, why it ignored Plaintiff's multiple attempts to confer, why a Motion to Compel [] was necessary, and why it took a Court order for Defendant comply with its basic obligations under Rule 34. Quite simply, Defendant's conduct shows that this Court's involvement was required before Defendant would provide proper responses for already-produced documents. As such, there is no injustice in finding that Defendant should pay Plaintiff's attorneys' fees for having to seek this Court's involvement. Accordingly, this Court should find that the third exception in Rule 37 does not apply.

Dkt. No. 70 at 1-5 (cleaned up).

Thompson contends that "[t]his Court should find that none of the three exceptions in Rule 37 apply," where "Plaintiff brought her Motion to Compel after its attempts to confer on were ignored," "Defendant has articulated no substantial justification for its refusal to provide Rule-34-compliant responses when they were due and without the need for a Court order," and "it would not be unjust to impose Rule-37-require fee award because Defendant refused to provide compliant responses until this Court ordered Defendant to do so." *Id.* at 5.

## Legal Standards and Analysis

"The United States Supreme Court has defined 'substantially justified' to mean justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person. 'Substantial justification' entails a reasonable basis in both law

and fact, such that there is a genuine dispute ... or if reasonable people could differ as to the appropriateness of the contested action." *Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 286 (N.D. Tex. 2017) (cleaned up).

The undersigned has authority to enter a nondispositive order granting attorneys' fees under Federal Rule of Civil Procedure 37(a). *See* 28 U.S.C. § 636(b); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981) (per curiam) (a magistrate judge has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37).

The Court appreciates Wing Enterprises's counsel's ongoing efforts to fully comply with Defendants' obligations in responding to Thompson's discovery requests. But the MTC was not premature as to the matters addressed. Wing Enterprises did not oppose the MTC on the basis that it was premature, despite a few references to the February 21, 2023 deadline. *See* Dkt. No. 55 at 3, 6. And the MTC and the reply addressed Rule 34 compliance issues with the responses that Wing Enterprises had served already or relied on (as addressing Thompson's concerns) in its response to the MTC.

Rule 37(a)(5)(A) requires the Court to order "the party … whose conduct necessitated the [MTC], the party or attorney advising that conduct, or both to pay" Thompson the "reasonable expenses [that they] incurred in making the [MTC], including attorney[s'] fees" if the MTC "is granted" or "if the … requested discovery is provided after the [MTC] was filed" – unless Defendant's "nondisclosure, response,

-9-

or objection was substantially justified" or "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

The Rule 34 compliance issues at issue in the MTC and reply were not substantially justified by any agreement to allow further supplementation by a later date. *See* Dkt. No. 49 at 1-2 ("Wing will produce all documents, including emails, related to the following specific 41 part numbers…. The Parties agree that Defendant shall complete the supplementation addressed in this stipulation on or before February 21, 2023."); Dkt. No. 50 at 12 ("The parties have entered into a Stipulation (Doc. 49) pursuant to Federal Rule of Civil Procedure 29 regarding the production of certain documents as set forth in the Stipulation. The Stipulation also sets forth that supplementation of documents will be done on or before February 21, 2023.").

And they were not substantially justified in late 2022 – and an award of expenses is not unjust – based on the Court's sustaining Thompson's Federal Rule of Civil Procedure 72(a) objections several months earlier on August 15, 2022.

And, although Wing Enterprises points to the volume of discovery in this case, the Court is persuaded by Thompson's assertion that Wing Enterprises has not "explain[e]d why it took 4 months before it complied with its obligations, why it ignored Plaintiff's multiple attempts to confer, [and] why a Motion to Compel [] was necessary" to require "Defendant [to] provide proper responses for already-produced documents." Dkt. No. 70 at 4-5.

The Court finds that Wing Enterprises's failures to timely and properly respond and object to Thompson's discovery requests, on the basis of which the Court

-10-

granted the MTC, were not "substantially justified" and that no other circumstances make an award of expenses under Rule 37(a)(5)(A) unjust.

The Court will award expenses under Rule 37(a)(5)(A) by requiring Wing Enterprises's counsel to pay Thompson her reasonable attorneys' fees and costs incurred in preparing and filing her MTC and reply and appendices in support as well as Plaintiff's Reply in Support of Discovery Sanctions [Dkt. No. 70].

The Court directs Thompson's counsel and Wing Enterprises's counsel to confer by telephone or videoconference or in person about the reasonable amount of these attorneys' fees and costs to be awarded under Rule 37(a)(5)(A), as specified above.

By no later than **Friday, April 14, 2023**, the parties must file a joint report notifying the Court of the results of the conference. If all disputed issues as to the amount of attorneys' fees and costs to be awarded to Thompson have been resolved, Thompson's counsel must also send an agreed proposed order to the Court at Horan_Orders@txnd.uscourts.gov by **Friday, April 14, 2023**.

If the parties do not reach an agreement as to the amount of attorneys' fees and costs to be awarded, Thompson's counsel must, by no later than **Friday, April 28, 2023**, file an application for attorneys' fees and costs that is accompanied by supporting evidence establishing the amount of the reasonable attorneys' fees (as described above) to be awarded under Rules 37(a)(5)(A). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and detailed billing records, and citations to relevant authorities and must

set forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002).

The application may also include a request for recovery of the fees incurred in preparing and filing this fee application itself. *See Liberty Ins. Underwriters Inc. v. First Mercury Ins. Co.*, No. 3:17-cv-3029-M, 2019 WL 7900687, at *5 (N.D. Tex. Mar. 11, 2019) (noting that a Rule 37(a)(5) award can include "fees on fees" for the time expended in filing a motion for attorneys' fees).

If Thompson files an application, Wing Enterprises must file a response by **Friday, May 19, 2023**, and Thompson must file any reply by **Friday, June 2, 2023**.

SO ORDERED.

DATED: April 3, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE